SWANN, Judge.
After a hearing the Florida State Board of Architecture revoked the license of Charles H. Markel to practice architecture in Florida. He filed a petition for writ of certiorari and we have considered the respective contentions, briefs and arguments.
Petitioner argues five separate points. We hold that Points Two, Three and Four do not contain sufficient merit to warrant quashal of the order herein challenged. The essence of his argument is that § 467.14 and § 467.15, Fla.Stat., F.S.A. are so vague and indefinite that they are unconstitutional.
Generally, they prohibit an architect from affixing or permitting to be affixed “his seal or his name to any plan, specification, drawing * * * which was not prepared by him or under his responsible supervising control” and they permit the board to revoke his certificate upon violation of the statute.
Petitioner contends that Chapter 467 does not define the words “responsible supervising control” for architects as § 471.02(7), Fla.Stat., F.S.A., defines “responsible supervision” for professional engineers and that the words “responsible supervising control” are so vague and indefinite that men of common intelligence must guess at their meaning and differ as to their application.
In Brock v. Hardie, 114 Fla. 670, 154 So. 690 (1934), the Supreme Court responded to a similar argument in a case challenging the constitutionality of a Florida anti-trust statute by saying:
“The language of the Florida Statute contains words that answer to the demand for a meaning well enough known to enable a person of ordinary knowledge of the language and customs and con *916 ditions of trade to understand what conduct would lie within and what without its restrictions.”
The test then is whether the words under his “responsible supervising control” are words whose meaning is well enough known to enable a person of ordinary-knowledge of our language to understand what conduct is permissible or impermissible under the statute.
In Black’s Law Dictionary, Fourth Edition, “responsible supervising control” is defined as follows:
“a. Responsible—Liable, legally accountable or answerable.
b. Supervising—(defined under supervise)—To have general oversight over, to superintend or inspect.
c. Control—Power or authority to manage, direct, superintend, restrict, regulate, direct, govern, administer, or oversee.”
The board argues that the statutory prohibition tells an architect that he cannot merely check another man’s work product and then place his name and seal on it and that such “plan stamping” is prohibited by the statutes. It submits that the challenged words mean that an architect must personally supervise the people who work on the plans, specifications or drawings and that the architect is responsible for the work of the employee or draftsman and that a licensed architect should know from his education what he could and could not do under the statute. We concur.
The words “responsible supervising control”, although general in import, contain a meaning well enough known to enable a person of ordinary knowledge of our language to understand what conduct would be within and what without its restrictions.
In 1917 an Idaho statute was challenged in the U. S. Supreme Court as being so indefinite as to violate the due process clause of the 14th Amendment. The statute was passed to avert clashes between sheep herdsmen and cattle rangers and prohibited, inter alia, any person having charge of sheep from allowing them to graze on any “cattle range previously occupied by cattle.”
Justice Brandéis upheld the validity of the Idaho statute and said, in part, “Men familiar with range conditions and desirous of observing the law will have little difficulty in determining what is prohibited by it.” Omaechevarria v. Idaho, 246 U.S. 343, 38 S.Ct. 323, 62 L.Ed. 763 (1917).
In Hygrade Provision Co. v. Sherman, 266 U.S. 497, 45 S.Ct. 141, 69 L.Ed. 402 (1924), Justice Sutherland reported that “the specific complaint is that the word ‘kosher’ and the phrase ‘orthodox Hebrew religious requirements’ are so indefinite and uncertain as to cause the statutes to be unconstitutional for want of any ascertainable standard of guilt.” In upholding the validity of the statute, Justice Sutherland said: “ * * *, the evidence, while conflicting, warrants the conclusion that the term ‘kosher’ has a meaning well enough defined to enable one engaged in the trade to correctly apply it, at least, as a general thing.”
Accordingly, we hold that the statutory words under his “responsible supervising control” have a meaning well enough known to a licensed architect in Florida to enable him to correctly apply them if he is desirous of observing the law. We hold that the challenged statutes are valid and constitutional.
Petitioner challenges also the order of the board which required him to pay the costs of the proceedings. The board concedes that it knows of no statutory authority for the taxation of costs. The order taxing costs against the petitioner is a departure from the essential requirements of law. See Lambdin v. State, 150 Fla. 814, 9 So.2d 192 (1942) and 8 Fla.Jur. Costs § 4.
*917 The petition for writ of certiorari is granted only to that part of the order of the board which taxed costs against the petitioner and that part of the order is quashed. The petition for a writ of cer-tiorari to the other parts of the order is denied.
It is so ordered.