268 So.2d 374 (1972)
Charles H. MARKEL, Appellant,
v.
FLORIDA STATE BOARD OF ARCHITECTURE, Appellee.
No. 41861.
Supreme Court of Florida.
November 1, 1972.
*375 Mallory H. Horton of Horton, Schwartz & Perse, Miami, and Butler, Swope & Manning, Miami Shores, for appellant.
Harry T. Gray of Marks, Gray, Conroy & Gibbs, Jacksonville, and Selig I. Goldin of Goldin & Turner, Gainesville, for appellee.
ERVIN, Justice.
This is an appeal from a decision of the District Court of Appeal, Third District, holding constitutional Sections 467.14(1) (c) and 467.15(2), Florida Statutes, F.S.A., which prohibit an architect from affixing or permitting another to affix his seal or name "to any plan, specification, drawing, or other related document which was not prepared by him or under his responsible supervising control." Markel v. Florida State Board of Architecture, Fla. App. 1971, 253 So.2d 914.
The cause arose out of charges filed by the Florida State Board of Architecture against Appellant Charles H. Markel, a registered Florida architect. A hearing examiner found him guilty of placing his name and seal on drawings which he had not prepared and which were not prepared under his "responsible supervising control," in violation of Sections 467.14(1)(c) and 467.15(2), Florida Statutes, and of holding himself out to the public as being in an architectural partnership with one who was neither a registered architect nor a registered engineer, in violation of Section 467.14. In making his recommendation to the Board, the Examiner stated that he:
"would be inclined, due to certain mitigating acts and circumstances, to recommend suspension of the certificate of registration ... for one year; but due to the provisions of Chapter 467.14(6) a suspension of certificate automatically requires the reinstatement at the end of the suspension period.
"The Examiner therefore recommends revoking the certificate of registration of Charles H. Markel, which action will afford the Board an opportunity to be assured that Markel is familiar with the Florida law governing practice and to determine to their satisfaction that a new certificate should be issued."
The Florida State Board of Architecture revoked Markel's certificate of registration, and stated that mitigation was *376 not proper in this case because Markel had previously been suspended for affixing his seal to drawings he had neither supervised nor prepared. Markel then filed in the District Court of Appeal, Third District, a petition for writ of certiorari. That court considered the issue of whether the words "responsible supervising control" are unconstitutionally vague and indefinite; concluded they were not, and denied the petition. We have jurisdiction because the District Court passed upon the validity of state statutes. Article V, Section 4(2), Florida Constitution, F.S.A.
We agree with the District Court that Sections 467.14(1)(c) and 467.15(2), Florida Statutes, are constitutional. We do not feel, however, that the facts justify the Board's order revoking Markel's certification of registration. Suspension is more appropriate because this appears to be a borderline case of malfeasance.
The charge that he was holding himself out to the public as being in an architectural partnership with one who, in fact, was neither a registered architect nor a registered engineer involved a window sign and building directory at his office. They read, respectively:
 "C. Markel & R. English
 Architects & Engineers"
 "Markel, Charles Architects
 & &
 English, Robert J. Consultants"
Both Markel and English, the nonarchitect-engineer, testified that English was in charge of the preparation of the sign and directory, and he had the wording approved by an attorney. As soon as Markel was notified that they were in violation of Florida Statutes, he had the sign and directory corrected.
In a virtually identical case, involving Chapter 475, Florida Statutes, two real estate salesmen's licenses were revoked by the Florida Real Estate Commission on the ground they had displayed an improper sign. The District Court of Appeal, First District, held that under the facts in that case the Commission abused its discretion in revoking the licenses. The Court said, "We find it incongruous in this case to singularly punish the petitioners, who not only acted by and with the advice and counsel of an attorney but also removed the instruments of statutory violation within a reasonable period of time after they had cause to suspect that they might indeed be in technical violation of the statute... ." Rogers v. King, Fla.App. 1964, 161 So.2d 258, 264; writ discharged, Florida Real Estate Commission v. Rogers, Fla. 1965, 176 So.2d 65. We agree with the Rogers District Court and feel Markel's license should not be revoked because of the sign and directory.
The second charge upon which the revocation was based involved Markel's alleged placing of his name and seal on architectural drawings which had been prepared by non-architects who were not operating under his "responsible supervising control" in violation of Sections 467.14(1)(c) and 467.15(2), Florida Statutes. Markel contended that while he had not personally prepared the drawings, they were done under his "responsible supervising control."
The evidence supports Markel's position to a degree. He testified that he did not "rubber stamp" his approval to the draftsmen's drawings; rather, it was his practice to examine their work to:
"... see that there are the necessary plans and elevations on the drawing and then I check the plat plan for set backs and services, and then I check the wall sections for footings, tiebeams, anchors, rough construction, rough covering and the interior finish, the electrical outlets  there is a necessary diagram and sketch on it, and the plumbing and the septic tank and the details. That is what I check for."
Markel stated that he would change anything in the drawings he felt was improper.
The evidence, however, also clearly shows that in the overall preparation of *377 the architectural drawings, Markel played a very small role. Clients initially contacted and engaged the draftsmen to prepare their plans. There was no personal contact by them with Markel. Only after the plans were nearing completion did the draftsmen take them to him for inspection and approval. It was at this stage that Markel began to exercise "responsible supervising control."
Whether supervision at that stage of an architectural project satisfies Chapter 467's requirements is a close question. This is the first time this Court has been confronted with it.
We are constrained to resolve the doubt in favor of the administrative determination of the Board that it does not. After-the-fact ratification of a nonprofessional's prior unsupervised work product is generally alien to professional standards. Such conduct would be frowned upon by most licensed professionals, and it presumably could lead to interim abuse and unethical practices. We cannot condone such a scheme in view of the Board's disapproval. However, even though we feel Markel entered into the picture too late to have truly "supervised" the overall preparation of the architectural drawings, it does appear from the evidence in this case that he at least belatedly attempted to comply with the law. For that reason, we feel revocation of his license to practice his profession is too severe a punishment.
This Court, in discussing disbarment, which is in effect revocation of a license, said "disbarment is the extreme measure of discipline and should be resorted to only in cases where the lawyer demonstrates an attitude or course of conduct wholly inconsistent with approved professional standards. It must be clear that he is one who should never be at the bar, otherwise suspension is preferable." State ex rel. Florida Bar v. Murrell, Fla. 1954, 74 So.2d 221, 223. (Emphasis supplied.)
We feel the Florida State Board of Architecture abused its discretion in this case in ordering Markel's license revoked rather than suspended for a brief period or directing a reprimand. In reviewing the cause, the District Court of Appeal, Third District, should have modified the sentence as it is authorized to do. Florida Real Estate Commission v. Rogers, supra.
Accordingly the cause is remanded to the District Court of Appeal, Third District, for further proceedings not inconsistent herewith.
ROBERTS, C.J., CARLTON, BOYD and DEKLE, JJ., and DREW, J. (Retired), concur.