STURGIS, WALLACE E., JR., Associate Judge.
Petitioner, a licensed Florida architect, seeks a review by Writ of Certiorari of suspension of his license by Respondent.
Petitioner, formerly a registered California architect, was granted Florida registration on December 14, 1972. In January of 1974 Respondent filed charges against Petitioner alleging dishonest practice in procuring the seal and signature of a registered Florida architect upon plans not pre *859 pared or under responsible supervising control of that architect, and in deliberately misleading Respondent of these facts upon application for registration. Upon hearing and after making findings of fact to support the charges, Respondent suspended Petitioner’s license for a period of twelve months (with automatic reinstatement) and assessed costs. After a careful review of the entire proceedings, we are compelled to issue the writ and quash the proceedings below. The evidence in this case, which was uncontroverted, reveals the following:
During the time Petitioner’s application for registration in Florida was pending he prepared plans for a project to be constructed in Florida. Upon being advised that the seal and signature of a registered Florida architect on the plans were required, Petitioner associated such an architect to assist him on the project and to review, sign and seal the plans. Petitioner was unfamiliar with Florida law and relied upon the Florida architect’s representations that their association authorized him to sign and seal the plans, inspect the job and make any corrections necessary. The clients were advised of the association and of the authority of the Florida associate architect.
Subsequently the Petitioner had two meetings with the Respondent prior to his approval for registration. In the first meeting he was advised that his application would be rejected because he was not familiar with Florida law. At both meetings he advised the Board that he was engaged in work, but did not elaborate on exactly what he was doing because (as he testified) they changed the subject and asked him about other matters.
Charges brought against the Petitioner were based upon Section 467.15(2), Florida Statutes, which provides:
“No architect shall affix or permit to be affixed his seal or his name to any plan, specification, drawing or other related document which was not prepared by him or under his responsible supervising control . . . .”
Rule 21B-5.01(5), Rules of Florida, State Board of Architecture, provides that the certificate of registration of an architect may be suspended or revoked if. the architect affixes his seal or name to any plan or specification not prepared by the architect or under his responsible supervising control.
The specific charge of dishonest practice made against the Petitioner was that he procured the seal and signature of a registered Florida architect on plans of a development in Florida in order to obtain governmental approval, knowing they were not prepared by the Florida architect or under his responsible supervising control; and that the Petitioner deliberately misled the Board [of the foregoing facts] when he applied for registration in the State of Florida as an architect. In the hearing below it was admitted that the plans were not prepared by the Florida architect and that his signature and seal appeared thereon.
Both parties before the Court rely heavily upon Markel v. Florida State Board of Architecture, 253 So.2d 914 (Fla.App.1972). In that case the Supreme Court interpreted the language of the statute “under his responsible supervising control” as excluding an architect’s ratification of a nonprofessional’s unsupervised work product. In the case sub judice, the Petitioner, unfamiliar with Florida practice and procedure, was led to believe that an association with a Florida architect who signed and sealed the plans and exercised dual responsibility and control was permissible. The record clearly reflects that the Petitioner relied upon the representations of his Florida associate that the requirements of law were being met. Unquestionably, if we were reviewing disciplinary actions taken against the Florida architect for permitting his seal and signature to be placed upon the plans the decision in Market would be germane, but that is not the case at bar.
*860 The entire evidence in this case bearing' directly on the charges made was the testimony of the Petitioner. The only contradiction to Petitioner’s testimony that no inquiry was made into the Florida projects during the Petitioner’s examination by the Respondent upon his application, was the comment of Harry E. Burns, Jr., a member of the Respondent Board:
“had it been brought particularly to our attention that I for one would have told this young man that the offer to practice architecture in Florida is in the eyes of the Board as relevant as the actual preparation of contract documents.”
Neither was there any evidence that Petitioner lied in response to any question nor knowingly concealed any information solicited by the Board. Petitioner testified that he was asked if he had any contracts in the State of Florida, to which he responded affirmatively. He then stated that no further inquiry was made because of a change in the subject. At most' it could be said that he neglected to disclose a matter which was not inquired of him which if revealed would have caused the Board to deny his license. But there was no showing of any intent on the Petitioner’s part to either conceal the association of the Florida architect; neither was there any showing of knowledge of the Petitioner that this was a prohibited act.
The record before this Court is not unlike that of Floyd v. Florida State Board of Architecture, 290 So.2d 494 (Fla.2d D.C.A.1974) where the Court through Acting Chief Judge McNulty said:
“Moreover, no competent circumstantial evidence was developed which otherwise tended sufficiently to support the charges. Indeed, if this were a judicial criminal proceeding a corpus delicti, i. e., the wrongful act, is not even prima facie shown. And while quasi-judicial administrative proceedings need not follow the requirement of form insisted upon in the courts, nevertheless, with regard to punitive proceedings whereby a licensed professional is in jeopardy of losing his means of livelihood in his chosen profession, matters of substance cannot be ignored.”
Here the record is devoid of any cognizance of this concept. <
In the commencement of the proceedings below Respondent agreed that previous matters before the Board in disciplinary proceedings against the associated Florida architect would not ■ be considered. The conclusion reached by Respondent might well imply that the guilt of one should result in punishment to the other. Moreover, the analogy is similiar to the same jury trying two defendants whose trials had been severed. Despite the admonition, can there be an impartial tryer of the fact and judge of the punishment to be imposed? That Respondent was prosecutor, judge and jury suggests even more the adherence to procedural due process and application of substantive law. If there are defects in these adversary proceedings, as we suggest, they are matters which should be corrected by administrative rules or legislative direction.
Having determined that the writ should be issued for the reasons stated we do not deem it necessary to consider the severity of the sentence imposed on the Respondent. We issue our writ this day and quash the order herein under review.
Certiorari granted.
BOYER, Chief Judge, and SMITH, J., concur.