MILLS, Acting Chief Judge.
This is an appeal from final ordérs of the Florida State Board of Architecture (Board) suspending Medlin’s Certificate of Registration as an architect for 12 months for violating Section 467.14(l)(c), Florida Statutes (1977), which provides that a Certificate of Registration may be suspended for:
“Affixing or permitting to be affixed his seal or his name to any plan, specification, drawing, or other related document which was not prepared by him or under his responsible supervising control.”
The Board filed two complaints against Medlin which were consolidated for hearing. Recommended orders were issued, and in each the hearing officer recommended that the complaints be dismissed. In its final orders, the Board accepted the hearing officer’s findings of fact, but rejected his conclusions of law and recommendations.
The Taco Bell Plans.
While practicing as an architect in Florida, Medlin was employed by Taco Bell to assist it in gaining the approval of the Division of Hotels and Restaurants of plans for a Taco Bell restaurant to be built at Orange Park, Florida. Taco Bell also had to acquire the approval of the local building officials at Orange Park.
*709 The Board’s Exhibit 1 is a set of plans which was drawn by Cheryl Crandall, a project designer for Taco Bell. These plans had been examined and upgraded by Carl W. Carlson, an architect licensed in Florida, who was employed by Taco Bell for this purpose. These plans were subsequently modified by Crandall. Carlson gave Taco Bell permission to use his work product and any modifications which might come out of the basic set of plans. He also expected Taco Bell to hire local architects who would use the plans to the extent necessary to achieve the ends of Taco Bell.
In early March of 1977, Medlin took the basic plans, blue line prints, which were submitted to him by Crandall, and made certain red line changes on the face of the prints, the Board’s Exhibit 2. After making the red line changes and completely reviewing the plans for needed modifications, Medlin affixed his name and seal as architect. These plans were submitted to the Division for its approval and plans were approved.
There was no attempt by Medlin to conceal the fact that Crandall originally drafted the plans or that Carlson upgraded the plans as both their names appear on the plans. Red line plans are often submitted to the Division and they are acceptable to the Division if they meet the tests of adequacy as determined by the Division’s architect.
The Board charged Medlin with affixing his name and seal as an architect to plans for the Taco Bell restaurant, Exhibit 2, when those plans were not prepared by him or under his responsible supervising control.
The Jacksonville Beach Apartment Plans.
William Stanley Smith, the President of Universal Environmental Control, Inc., hired Donald Peck, a licensed Florida architect, to draw certain plans for a group of apartment buildings that were being constructed by Universal. The Board’s Exhibit 1 is a blueprint of the original plans. These plans were used 5 or 6 times in constructing apartments in the Jacksonville Beach area. The plans had been approved by the Division of Hotels and Restaurants and the Jacksonville Beach municipal officials.
Peck moved his base of operation from Jacksonville Beach, notified Smith of his move, and released the original tracings, which were the basis of Exhibit 1, to Smith. Smith was allowed to use these plans in whatever fashion he deemed appropriate.
In accordance with the release, Smith hired Medlin to draw site plans for an apartment complex to be constructed at 8th Avenue South in Jacksonville Beach. Med-lin was also to review the original plans, Exhibit 1, as a prelude to getting the necessary approval of the various state and local agencies. Medlin drew a site plan, page one of Medlin’s Exhibit 2. He also reviewed pages 2 through 6 of Exhibit 2. Those pages are for the most part the same as Exhibit 1, but mistakenly leave the description of the property as being located at 10th Avenue and not 8th Avenue. The only change noted in Exhibit 2, compared to Exhibit 1, was that involving the title block of the architect on certain pages of the drawing.
The work that Medlin did on the project was in accordance with the desires of his client, and with the permission of the former architect, Peck. The plans were approved by the Division.
The Board charged Medlin with affixing his name and seal as an architect to plans, drawings and/or specifications for a two-bedroom apartment building, when the plans were not prepared by Medlin or under his responsible supervising control.
At issue here is the construction of the word “prepared” as used in Sections 467.-14(l)(c) and 467.15(2), Florida Statutes (1977).
The term “responsible supervising control” has been addressed in the case of Markel v. Florida State Board of Architecture, 268 So.2d 374 (Fla.1972). That case involved the disciplining of an architect for allowing his name and seal to be affixed to certain documents which had been prepared by nonarchitects operating outside his control and supervision. After considering the matter, which the Court stated was a close *710 question, the Court held that the after-the-fact ratification of a nonprofessional’s drafting would constitute approval of the prior unsupervised work product of a nonprofessional and was alien to the standards of the architectural profession. The Court did not specifically deal with the language “prepare”.
The word “prepare” as defined by Black’s Law Dictionary (4th Ed., 1951), means “to provide with necessary means; to make ready; to provide with what is appropriate or necessary.” It is defined by Webster’s New Collegiate Dictionary (2d Ed., 1960), as “1. To fit, adopt, or qualify beforehand for a particular purpose, and, or condition; to make ready . . . ”
Using the common and ordinary meaning of the word “prepared”, Medlin prepared the plans for the Taco Bell Restaurant and the Jacksonville Beach Apartment.
The record reflects that a complete review was made of the Taco Bell plans and changes and revisions were noted in red ink throughout the plans to make them ready for submission to the Division of Hotels and Restaurants. The evidence is clear that Medlin made substantial changes in the Taco Bell plans.
The record also shows that Medlin made a line by line drawing of a new site plan for the Jacksonville Beach Apartment and had completely reviewed the apartment tracings of architect Peck in preparation for submission of these plans to the Division.
Thus, Medlin did in fact “prepare” the documents to which his name and seal were affixed as an architect. To construe the word “prepared” as used in the cited statutes to require complete redrawing of all plans in every circumstance would be arbitrary and unreasonable and would create unreasonable expense and hardship for the client, without promoting any form of reasonable protection of the public against improper acts and motives of the profession.
It is unnecessary that we consider the other issues raised by Medlin.
The Board improperly applied the law applicable to the facts of this case. We reverse the orders appealed.
SMITH and BOOTH, JJ., concur.