STURGIS, Chief Judge.
D. L. Rogers and Doris Rogers, the petitioners, have applied for a writ of cer-tiorari to review an order of the Florida Real Estate Commission revoking their licenses as real estate salesmen for alleged violations of Chapter 475, Florida Statutes 1961, F.S.A. Certiorari is granted and the order is quashed in so far as it applies to the petitioners, without prejudice to the right of the Commission to punish the petitioners in like manner as by said order it punished their co-defendant, Charles H. Race.
On July 13, 1962, the Commission filed an information in five counts charging the petitioners, registered real estate salesmen, and one Charles H. Race, a registered real estate broker under whom they operated at all times pertinent to this cause, as follows:
COUNT ONE charged the petitioners with violation of Section 475.42(1) (a), Florida Statutes 1961, F.S.A.,[1] by the use of certain signs which are alleged to reflect that they unlawfully held themselves out to be and operated as real estate brokers, contrary to said statute and punishable as provided by Section 475.25(1) (d), Florida Statutes 1961, F.S.A.[2]
COUNT TWO realleged Count One and further charged that the petitioners by the use of such signs were guilty of misrepresentation and false pretenses in violation of Chapter 475, Florida Statutes 1961, F.S.A.
COUNT THREE realleged Count One and further charged that the petitioners did *260 not obtain the consent of real estate broker Charles H. Race, their co-defendant, under whom they operated as salesmen, to place such signs and were thereby guilty of a breach of trust, in violation of said Chapter 475.
COUNT FOUR realleged Count Three and further charged:
“That if defendants D. L. and Doris Rogers did place or cause to be placed such signs as aforesaid with the knowledge and consent of defendant Race, then the defendant Race is guilty of aiding and assisting defendants D. L. and Doris Rogers in their aforesaid violations, false pretenses and operating under a trade name not registered with the Commission, all in violation of Chapter 475, Florida Statutes [F.S. A.].”
COUNT FIVE realleged all previous counts and further charged that by reason thereof petitioners are guilty of a course of conduct or practices which show that they are so incompetent, dishonest, negligent and untruthful that the money, property, transactions and rights of investors or those with whom they may sustain a confidential relation may not safely be entrusted to them, all in violation of Chapter 475, Florida Statutes 1961, F.S.A.
The defendant petitioners severally filed answers generally denying the material allegations of the information.
The answer of defendant Race generally denied the charges and also alleged, affirmatively: That in October 1961 he established a branch real estate brokerage office at Chiefland, Levy County, Florida, registered the same with the Commission, and engaged the petitioners as his real estate salesmen to operate same; that petitioners were duly registered as such salesmen with the Commission; that in October 1961 he inspected the signs at said branch office and found them to read: “Branch Office of Charlie Race [or Charles Race], Registered Real Estate Broker, D. L. Rogers, Salesman, Doris Rogers, Salesman," or similar words; that petitioner D. L. Rogers, without Race’s consent, employed and caused an attorney at law who had customarily handled Race’s legal affairs in Levy County to have the business conducted by Race at the Chiefland office qualified under the fictitious name law to do business in Levy County under the firm name and style of “Rogers Real Estate’’; that “said attorney failed to cause said fictitious name to be filed with the Florida Real Estate Commission”; that upon becoming informed that said branch office was being operated with signs bearing said fictitious name exposed on the side of the building, he (Race) wrote petitioner D. L. Rogers to “contact this defendanfs and D. L. Rogers’ attorney there” and become certain before continuing operations that the business of said branch office was being conducted according to law; that he (Race) made inquiry of said attorney concerning the legality of the use of said fictitious name and was advised by said attorney that all legal requirements had been met and that it was unnecessary to register said fictitious name with the Commission; that he thereafter consulted with his local (Polk County) attorney and as a consequence directed petitioner D. L. Rogers to remove the signs in dispute; that the same had been done and in lieu thereof proper signs bearing the names of Race, as broker, and of the petitioners, as salesmen, had been placed on said branch office.
The answer of defendant Race was verified under oath and evidence adduced at a hearing before an examiner — appointed by the Commission to hear and receive the testimony of the parties and report the same to the Commission with findings of fact and conclusions of law, together with recommended rulings and a recommended order— generally supports the allegations contained therein, except that there was a genuine *261 question as to whether Race did in fact see the objectionable signs at the place of business when he visited it in October 1961.
The evidence is undisputed that Mr. and Mrs. Rogers caused to be located or were aware that signs were located as follows:
Sign No. 1 (Commission’s Exhibit No. 1) : On the side of a marquee extending over the sidewalk in front of broker Race’s branch office in Chiefland, Florida, a sign reading “ROGERS REAL ESTATE”; and a circular sign located above the marquee, reading around or nearest the perimeter:
“ROGERS REAL ESTATE Winter Haven, Florida Branch Office CHIEFLAND”
and in the center reading:
“FARMS
RANCHES
ACREAGE”
Sign No. 2 (Commission’s Exhibit No. 2) : A sign in conspicuous lettering installed by Mr. Rogers on the ground floor glass window front of said branch office, reading:

*262 It is also undisputed that the first, third, fourth and fifth signs above described were either removed or revised by the petitioners prior to the hearing in this cause before the examiner, with the result that the violation of Chapter 475, Florida Statutes, F.S.A., if any, as occasioned by the prior use thereof had ceased to exist and had not recurred. The proofs reflect that sign No. 2 was placed on the front of the branch office within a reasonably short while after the petitioners became engaged as salesmen for broker Race.
Prior to becoming real estate salesmen for broker Race, Mr. and Mrs. Rogers had been engaged in that capacity for another broker, one J. P. Jim Rogers, whose main office was located at St. Petersburg, Pinellas County, Florida, and who at all times pertinent to this proceeding conducted a branch office at Chiefland, Levy County, Florida. He and two real estate salesmen operating out of his Chiefland branch office were the chief witnesses for the Commission at the hearing before the examiner; and their evidence produces the inescapable conclusion that the coincidence of the surname Rogers belonging to broker J. M. Jim Rogers and to the petitioning salesmen as well, coupled with the qualification by broker Charles H. Race under the fictitious name law to do business under the trade name of "Rogers Real Estate,” resulted in the filing of said charges against the petitioners.
The gist and gravamen of the violation with which the petitioners and their co-defendant (Race) were charged is that they unlawfully used or permitted the use of the within described signs, thus perpetrating a fraud upon the public and demonstrating that they were dishonest persons to whom funds of persons investing in real estate could not safely be entrusted. This is strong medicine. A careful analysis of the testimony reveals that petitioner Doris Rogers played an insignificant part in the alleged violations and that her husband, D. L. Rogers, and their co-defendant, broker Race, who is not a party to this appeal, performed the overt acts complained of. It also appears that they sought, obtained, and relied on the advice of counsel when the Commission suggested that the signs possibly violated the statute and, notwithstanding advice of counsel that the signs were not in violation of the law, nevertheless caused the same to be either removed or modified in such manner as to comply with the Commission’s views.
In due course the examiner filed his report, together with a transcript of the testimony produced before him and a recommended order, by which he found, in substance, that the petitioners, Mr. and Mrs. Rogers, maintained the aforesaid signs and thereby falsely represented to the public that they were real estate brokers operating as “Rogers Real Estate”; that the signs containing said name were placed by the petitioners without the consent and knowledge of their co-defendant, Charles H. Race, but that Race was guilty of culpable negligence in failing, after being advised by the Commission of the existence of said signs “on the side and front” of his branch office at Chiefland, to promptly inspect the premises and cause the signs to be removed, with the result that the signs were not removed until approximately 60 days after defendant Race was so advised. These findings of fact, except as to culpable negligence, substantially bear out the allegations of the answer filed by defendant Race.
As conclusions of law, the examiner held:
(1) That a real estate salesman who operates as a real estate broker without being the holder of a valid current registration certificate as such from the Commission is guilty of violating Section 475.42, Florida Statutes, F.S.A.
(2) That a real estate salesman who falsely represents to the public that he is a real estate broker without holding such certificate from the Commission is guilty of false pretenses and misrepresentation within the meaning and intent of Section 475.25 (1) (a), Florida Statutes, F.S.A.
*263 (3) That a real estate salesman who causes false or misleading signs to he posted on parcels of real estate is untruthful to the extent that persons may not maintain a confidential relation with him within the intent and meaning of Section 475.25(3), Florida Statutes, F.S.A.
(4) That a real estate broker who permits improper signs to be displayed on his branch office for more than 60 days after being advised by the Commission of the impropriety of such signs is guilty of negligence within the intent and meaning of Section 475.25(1) (a), Florida Statutes, F.S.A.
Based on said findings of law and fact, the examiner suggested the entry of an order holding the petitioners guilty of violating Sections 475.42, 475.25(1) (a), and 475.25(3), Florida Statutes, F.S.A., and the defendant Race guilty of violating Section 475.25(1) (a), Florida Statutes, F.S.A. The defendants filed exceptions to said report and after hearing oral argument thereon the Commission entered the order reviewed, holding that the findings of fact and conclusions of the examiner were supported by the record and adopting the same as the findings and conclusions of the Commission. The order thereupon (1) adjudged defendant Charles H. Race guilty of violating Section 475.25(1) (a), Florida Statutes, F.S. A.; (2) adjudged defendants D. L. Rogers and Doris Rogers guilty of violating Sections 475.25 (1) (a), 475.25(1) (d), and 475.25(3), Florida Statutes, F.S.A.; (3) punished defendant Race by suspending his broker’s license for a period of six months, but in turn suspended “the serving of the said period of suspension”; and (4) punished the defendant petitioners, D. L. Rogers and Doris Rogers, by revoking the license of each as a real estate salesman.
The evidence in this cause is unquestionably sufficient to support the examiner’s finding that petitioners were guilty of violation of Chapter 475, Florida Statutes, F.S.A., in that for a brief period of time they wrongfully used the signs in question; and while we are unwilling to characterize the violation as only technical in character, it is obviously not of such character as to evince a flagrant disregard of the law or to constitute acts that are malum in se.
Accepting per argumenti the Commission’s conclusion that the acts of the petitioning real estate salesmen were so repugnant to and violative of the real estate license law as to constitute a proper, basis for the permanent revocation of their licenses as such, we would nevertheless be at a loss to determine the basis upon which the Commission administered such tender punishment to the defendant broker, as compared to that visited upon the defendant salesmen, for the no less related and flagrant — -if it may thus be correctly termed— violation of law on his part. We cannot accept the implication that under the facts of this case a higher standard of ethics and behavior applies to the salesmen as compared to the broker, both holding licenses from the Commission. From the standpoint of the public welfare, the high-sounding predicate upon which laws such as Chapter 475 find their basis, the opposite rule should more logically apply.
We take judicial notice of the fact that Chiefland, Florida, in Levy County, is distantly removed from the home office of realtor Race in Polk County. We are not unmindful of the business advantage in this particular line of endeavor for a real estate broker to have associated with him in a branch office, such as here involved, salesmen who may be well known in the community and who, within the proper confines of the law, have the right and are expected to prosecute their business endeavors by all lawful means at their command. The society under which we live pays homage to that concept of business acumen.
With these things in mind, we have addressed ourselves to a consideration of the severity of the punishment meted out to the petitioners under all the facts and circumstances of this case, and have concluded that it is harsh and inordinate. The ancient maxim “Ignorantia juris non excusat” has *264 in this paternalistic era become a somewhat watered-down and outmoded concept of law, especially as the humanities are concerned. “Brokers” and “salesmen” drink at the same fountain under Chapter 475, Florida Statutes, F.S.A. We find it incongruous in this case to singularly punish the petitioners, who not only acted by and with the advice and counsel of an attorney but also removed the instruments of statutory violation within a reasonable period of time after they had cause to suspect that they might indeed he in technical violation of the statute; nor can we accede to their being castigated on the facts herein as persons “so incompetent, dishonest, negligent and untruthful that the money, property, transactions and rights of investors or those with whom they may sustain a confidential relation may not be safely entrusted to them,” as charged by Count Five of the information and as is the import of the revocation of their licenses pursuant to the order on review.
Having concluded that under the facts and circumstances of this case revocation of the subject licenses of the petitioners, D. L. Rogers and Doris Rogers, was and is an unlawful exercise of the powers vested in the Florida Real Estate Commission, certiorari is granted and the order on review is quashed to the extent that it purports to revoke said licenses of the petitioners.
It is so ordered.
WIGGINTON and CARROLL, DONALD K., JJ., concur.

. F.S. § 475.42(1) (a), F.S.A., provides:
“(a) No person shall operate as a real estate broker or salesman without being the holder of a valid current registration certificate.”

. F.S. § 475.25(1) (d), F.S.A., provides:
“(1) The registration of a registrant may be suspended for a period not ex-eeeding two years, or until compliance with a lawful order imposed in the final order of suspension, or both, upon a finding of facts showing that the registrant has: * * *
“(d) Violated any of the provisions of this chapter, or any lawful order, rule or regulation made or issued under the provisions of this chapter; * *