176 So.2d 65 (1965)
FLORIDA REAL ESTATE COMMISSION, Petitioner,
v.
D.L. and Doris ROGERS, Respondents.
No. 33438.
Supreme Court of Florida.
April 7, 1965.
Rehearing Denied July 2, 1965.
Benjamin T. Shuman, Winter Park, for petitioner.
G.C. Perdue, Jr., and W.F. Anderson, Bronson, for respondents.
DREW, Chief Justice.
Petitioner in this conflict certiorari proceeding alleges that the decision of the District Court of Appeal, First District, reported in 161 So.2d 258, is in direct conflict with the decision of the District Court of Appeal, Second District, in Carter v. Florida Real Estate Commission, 122 So.2d 420. In the latter case, the Second District Court, in an analogous proceeding held:
"* * * This court is not in a position to determine, as a matter of law, that the six months' suspension would render the order of the Commission invalid. To do so would be to substitute the judgment of this court for that of the respondent."
In the decision sub judice, the First District Court held that the Carter case, supra, "is distinguishable from the case on review because the facts here involved are such that we are in a position to determine, as a *66 matter of law, that the Commission abused its discretion in imposing the subject sentences on the petitioners." We agree with the contention of petitioner that these two decisions are in conflict.
The question to be resolved relates to the power of the District Courts of Appeal in certiorari proceedings to review a judgment of the Florida Real Estate Commission revoking the license of respondents as real estate salesmen. The court, after finding that the evidence was sufficient to support the examiner's findings that petitioners were guilty of violating Chapter 475, Florida Statutes, granted certiorari and quashed the order of the Commission "insofar as it applies to the petitioners, without prejudice to the right of the Commission to punish the petitioners in like manner as by said order it punished their co-defendant, Charles H. Race." The effect of this decision was to order the commissioners to reduce the revocation of respondent's license to a six months' suspension. The petitioner contends that where a penalty is imposed by the Commission within the limits prescribed by the Legislature, the appellate court has no authority to reduce or to require the Commission to reduce the period of the penalty. We can best pinpoint petitioner's contention by a quotation from the concluding paragraphs of its brief:
"The Petitioner further concludes that the objectionable portion of the said decision, as stated herein, is erroneous and prejudicial to the Petitioner, in that its effect is to preclude the Petitioner from discharging its duties and responsibilities under the law. That this effect contravenes the principles of constitutional government as established by the people of the State of Florida, for their government, in that by its decision and action the District Court of Appeals has assumed to perform powers and functions belonging exclusively to the legislature and its creatures.
"The Petitioner further concludes, that if the decision is permitted to stand, the courts will thereby have assumed (as a judicial function) the responsibility to review every penalty which may be imposed by an administrative agency on the facts and circumstances of each case. Such a result would not only thwart the fundamental purposes of administrative bodies, but would, as well, burden the appellate courts of this state with the duty to exercise pure judgment and discretion which otherwise, and perhaps more properly under our form of constitutional government, could be exercised by the various agencies and boards."
In support of this position, petitioner cites a number of cases all of which involve the imposition of sentences under the penal statutes of this State.[1]
The cases of this Court cited by petitioner holding that it has no authority to reduce a sentence in a criminal case imposed by the trial judge within the limits of the state are clearly inapposite. This is so because no such power is vested in this Court by the Legislature. Section 59.34, F.S.A., has not been overlooked. This Court has never construed it to authorize a reduction in a sentence in a criminal case. Even if it could be construed to vest such power in this Court, we have specifically held that it is permissive only[2] and we have, with one exception[3] refused to reduce or otherwise modify sentences *67 lawfully imposed within statutory limitations. Moreover, we have specifically held such statute not to be applicable in certiorari.[4]
Many states have vested in their appellate courts power to modify sentences imposed in criminal proceedings[5] and there can be no doubt of the power of the Legislature, if it desired to do so, to repose that power here. For this Court to assume that prerogative absent legislative authorization would be an invasion of the legislative power.
The action of the district court was not contrary to the statutes of this State governing this Commission but clearly within the express provisions thereof. The real estate license law[6] contains a provision[7] that final orders and rulings of the Commission shall be reviewable by writ of certiorari issued by the District Courts of Appeal as provided by the Florida Appellate Rules or by Chapter 120, the Administrative Procedure Act. Section 120.31 provides in part:
"(2) In cases where certiorari is granted pursuant to this section, the court may issue its mandate, or order, with directions to the agency to enter such order in the proceedings as is appropriate on the record, or the court may remand the cause for such further proceedings, including the taking of testimony, as may to the court seem necessary or proper:
"(a) To accord the parties due process of law;
"(b) To establish a sufficient record, for review;
"(c) To accord the parties their constitutional, statutory or procedural rights; and
"(d) To accomplish the purposes and objectives of the law pursuant to which the administrative proceeding was initiated." (Emphasis supplied.)
The above quoted statute specifically vests in the district court the authority to enter such order in the proceedings as is appropriate on the record. We hold that the action of the district court was clearly within its power and could not in any sense of the word be considered as any unwarranted or illegal encroachment upon the executive or legislative branches of the government. When the administrative procedure act is read in pari materia with the real estate license law, the conclusion is inescapable that, while the Legislature vested in the Real Estate Commission the power to suspend licenses for such period of time as it thought appropriate to the circumstances, or to revoke the same, it also gave the district courts the power to review such action and to enter such orders with reference thereto as it determined appropriate on the record before it. This power necessarily includes the power to modify or increase the penalties imposed by the Commission.
For the reasons above stated, the writ is discharged.
ROBERTS, THORNAL, CALDWELL and ERVIN, JJ., concur.
BARNS, J. (Retired), dissents with opinion.
O'CONNELL, J., dissents and concurs with BARNS, J. (Retired).
BARNS, PAUL D., Justice (Ret.) (dissenting).
It appears to me that the words in italics of the Section 120.31, Florida Statutes, as *68 quoted in the opinion of Mr. Justice Drew are qualified by Sub-paragraphs (a), (b), (c), and (d), which follow the italicized words.
This construction of Section 120.31, supra, as to the legislative intent, seems to be fortified by an examination of the title of Chapter 61-280 (the source of Section 120.31), which is as follows:
"AN ACT relating to administrative procedures for and service of process on state agencies; creating Sections 120.011 through 120.31, Florida Statutes, providing for the adoption, filing and publication of administrative rules, and filing of inter-governmental agreements; providing procedures for administrative adjudication proceedings; providing for judicial review; repealing Sections 120.07 and 120.10 through 120.17, Florida Statutes; and providing an effective date."
It will be observed that the title relates to administrative procedures and provides for judicial review and does not indicate an intent to grant a power to the reviewing court to substitute its judgment for that of the Commission, or the judgments of the scores of other governmental agencies rendered in quasi-judicial proceedings. When sub-paragraphs (a), (b), (c), and (d) are construed as qualifying the preceding language of the paragraph, then the section becomes declaratory of the existing procedural law of review on common law certiorari and is not in derogation of the substantive law of review on certiorari.
I would quash that portion of the District Court's holding which impairs the discretion of the Commission in fixing the period of suspension for a violation of Section 475.25(1), Florida Statutes.
O'CONNELL, J., concurs.
NOTES
[1] See Walker v. State, 44 So.2d 814; LaBarbera v. State, 63 So.2d 654; Stanford v. State, 110 So.2d 1; Chavigny v. State, 112 So.2d 910, and Michell v. State, 154 So.2d 701.
[2] Kuharske v. Lake County Citrus Sales, Inc., Fla. 1952, 61 So.2d 495.
[3] That case was shortly overruled in Brown v. State, 152 Fla. 853, 13 So.2d 458.
[4] Great Southern Trucking Co. v. Douglas, 1941, 147 Fla. 552, 3 So.2d 526.
[5] Annotation: 29 A.L.R. 313; 89 A.L.R. 296; 3 Am.Jur. Appeal and Error § 1181.
[6] Chapter 475, Florida Statutes 1963.
[7] Section 475.35, Florida Statutes 1963, F.S.A.