PIERCE, Judge.
In this case Leotis Griggs Gregory petitions this Court for a writ of certiorari seeking a review of a final order of the Florida Real Estate Commission adjudging petitioner Gregory to be guilty of violating certain stated sections of the Florida Statutes applicable to registered real estate salesmen and brokers.
Upon an Information filed with the Florida Real Estate Commission by J. W. Levy, a representative of the Commission, alleging certain violations of the Florida Real Estate law, F.S. Chapter 475, F.S.A. by one Dillard Jeffries King, a registered broker under Chapter 475, and Leotis Griggs Gregory, a registered salesman under the Act, and the separate answers thereto of King and Gregory in effect denying the pertinent allegations of the Information concerning such violations, the Commission appointed an Examiner, Hon. W. B. Dickenson, Jr., to hear and receive such testimony and evidence as might be presented by the parties and to thereafter file with the Commission Recommended Order containing his recommended findings of fact and conclusions of law.
The Examiner thereupon held such hearing, at which voluminous testimony and exhibits, proffered by the various parties were given and filed, on August 8, 1969.
Thereafter, on October 20, 1969, the Examiner filed with the Commission his Recommended Order wherein he made voluminous findings of fact in the form of a narrative recital of the facts as they appeared to him from the evidence at the hearing, concerning the matters upon which the Information alleging the violations was based. The Examiner also appended to his report his Conclusions of Law wherein he found Gregory and King to be both guilty of Counts Three and Five and not guilty of all other Counts.
Exceptions to the Report, Findings, and Conclusions were filed by Levy, Gregory, and King. Thereafter, on December 22, 1969, the Commission entered its Final Order wherein, after disposing of the various Exceptions, adjudged Gregory to be guilty of Counts One, Three, Four and Five, and King to be guilty of Counts Two, Three, Four and Five. The order also found that the evidence had “shown mitigating circum *23 stances sufficient to satisfy the Commission that the revocation or suspension” of the respective licenses of Gregory and King was not required hut that “a reprimand should be imposed for the violations” so found. The Commission thereupon ordered that Gregory and King be so “reprimanded and admonished that any future violations by them of the real estate license law will subject them to more severe penalty”.
Gregory alone seeks review here of the Commission’s Final Order by Writ of Certi-orari and contends that there was “no substantial competent evidence” to show that Gregory was guilty of Counts One, Three, Four, or Five and asks that the Commission’s Final Order be quashed.
The issues before the Examiner, and hence before the Commission, were strictly factual. No legal or quasi-legal questions were involved. It would serve no good purpose to discuss or rehash the evidence here. Suffice to say that the Examiner, in a four-page, nine-paragraph narration of the evidence, filed with the Commission an orderly, logical, and well-reasoned Findings of Fact. And indeed, such Findings were approved in toto by the Commission which stated in its Final Order that “the Examiner’s Findings of Fact in his Recommended Order are supported by competent, substantial evidence in the record and should be adopted as the Findings of Fact of the Commission”, and “further ordered that the Examiner’s Findings of Fact be, and the same are hereby, adopted as the Findings of Fact of the Commission”.
The Examiner and the Commission agreed that, upon such jointly approved Findings, Gregory was guilty of Counts Three and Five and not guilty of Count Six (he was not charged in Count Two), yet the Examiner’s conclusion that Gregory was not guilty under Counts One and Four was disapproved by the Commission which adjudged that he was guilty also of both latter counts.
Thus the Commission’s Order on its face presented an obvious anomaly. For, while the Commission specifically approved, and in fact adopted, the Examiner’s Findings of Fact as to Counts One and Four as the Commission’s own Findings, and such findings were amply sufficient to warrant the conclusion of the Examiner that Gregory was not guilty on those Counts, the Commission “concluded” that he was guilty.
But it would be a useless gesture, nor would we be so warranted, to quash the Commission’s entire order because of Counts One and Four. Gregory’s guilt under Counts Three and Five was established by both the Examiner’s Findings and Conclusions and also those of the Commission. And the sanction imposed by the Commission of a mere reprimand without any suspension or revocation of Gregory’s license to do business as a salesman would and could be upheld on Counts Three and Five, or either of them, alone. In fact, we are surprised that Gregory would petition this Court to in effect open up and review the proceedings before the Commission, in the light of our established right to modify, either by reducing or by increasing, the penalty or sanction imposed by the Commission. Florida Real Estate Commission v. Rogers, Fla.1965, 176 So.2d 65; Brod v. Jernigan, Fla.App.1966, 188 So.2d 575; Reid v. Florida Real Estate Commission, Fla.App.1966, 188 So.2d 846.
The Petition for Writ of Certiorari is denied and the proceeding in this Court dismissed.
LILES, Acting C. J., and MANN, J., concur.