274 So.2d 1 (1973)
Richard C. PAULINE, Petitioner,
v.
Charles F. BORER and the Florida Real Estate Commission, Respondents.
No. 41855.
Supreme Court of Florida.
February 21, 1973.
Rehearing Denied March 23, 1973.
Benjamin T. Shuman, Orlando, for petitioner.
*2 Frank A. Wilkinson, Winter Park, Gen. Counsel, Florida Real Estate Commission, for respondents.

ON REHEARING
McCAIN, Justice.
By conflict certiorari proceedings, we have for review a decision of the Second District Court of Appeal (253 So.2d 719) which essentially affirmed petitioner's review of suspension of his real estate broker's license by the respondent Florida Real Estate Commission. We have jurisdiction.[1]
Considering the record proper,[2] i.e., findings by the examiner, final order of the Real Estate Commission, evidentiary documents and the opinion of the District Court of Appeal, it appears that one Staples listed his home with petitioner's realty company for sale at $34,950.00. Petitioner then placed it in a multiple listing service. On August 23, 1969, Mr. Gordy (not a broker) advised petitioner's saleswoman that he would purchase the home for $30,000.00. This offer was transmitted via letter that day to the seller who was out of state. On August 26, another broker's saleswoman called petitioner, informing him of an offer of $32,000.00-$33,000.00 for the property. Petitioner stated he did not believe the offer would be accepted and, furthermore, that he had a contract for $30,000.00. On August 27, petitioner's saleswoman telephoned the seller and discussed the contract for $30,000.00. The seller accepted and also talked to petitioner who did not advise him of the higher offer. On the same day, the seller telegrammed his acceptance. On August 28, the second broker again talked to the petitioner and inquired of the status of the sale. Petitioner stated the $30,000.00 offer had been accepted. Apparently, verbal discords were sounded and petitioner announced he was withdrawing from the matter. The second broker then directly contacted the seller and advised him of the higher offer which the seller also accepted. Eventually the home was sold to the party offering $30,000.00.
Respondent Commission subsequently filed an information against petitioner charging violation of F.S. § 475.25(1)(a), F.S.A. (referring to breach of trust, concealment and culpable negligence in conducting a business transaction). Respondent's examiner found petitioner guilty and the Commission entered a final order thereon, which, among other things, adopted the findings of the examiner and suspended petitioner's registration as a real estate broker for one year. The District Court of Appeal agreed, concluding that the findings and sentence were supported by competent substantial evidence.
We agree in part and disagree in part.
Without doubt the record establishes that petitioner did not advise the seller of the higher offer as he should have done. Therefore, insofar as the findings and affirmance of a failure to disclose are concerned, the record contains competent substantial evidence to support it.[3]
Equally clear, however, from the record proper are substantial mitigating factors which bear directly upon the penalty imposed. This entire transaction complained of occurred over only a few days, and even the second broker, via letter in evidence, stated:
"There apparently has been a lack of communication or a misunderstanding *3 between our office and Mr. Pauline concerning our original offer of $32,000.00 which was made verbally..."
Additionally, the record establishes that the complaint lodged against the petitioner with the respondent Commission was not initiated by either the seller or the second broker. Also of significance is that the petitioner, himself, immediately called the problem to the attention of the Commission and asked what to do.
Our Court has previously discussed at length the authority of a District Court of Appeal to review by certiorari the actions and orders of the Real Estate Commission and the authority to enter orders thereon as the record demonstrates to be proper, inclusive of modifying or increasing the penalties imposed.[4]
Furthermore, it has been succinctly pointed out in a discussion of a "harshly inappropriate" suspension of a real estate license, that such a penalty should always be sparingly and cautiously used and directed at the dishonest and unscrupulous broker, i.e., one who cheats, swindles or defrauds the general public.[5]
Applying these enunciated principles to the record proper here under review, we can only conclude that a public censure adequately safeguards and protects the public's interests, maintains the dignity of the profession and sufficiently punishes the petitioner commensurate with his conduct.
By no means are we being critical of the respondent Commission or the District Court of Appeal. Equally, our conclusion in this case is not to be construed that our Court will entertain for review each and all penalties imposed by the Commission or District Court of Appeal. Contrariwise, this case is one in which the record proper simply demonstrates that suspension is too harsh and unusual.[6]
Accordingly, the writ of certiorari is granted, the decision under review is approved in part and quashed in part as hereinabove set forth, and the cause is remanded to the Real Estate Commission for entry of a public reprimand in such manner as it may deem appropriate.
It is so ordered.
CARLTON, C.J., and ERVIN, ADKINS and BOYD, JJ., concur.
NOTES
[1] Fla. Const., Art. V, § 4(2), (1968), now Fla. Const., Art. V, § 3(b)(3) (1971), F.S.A.; Florida Real Estate Commission v. Rogers, Fla. 1965, 176 So.2d 65; Brod v. Jernigan, Fla.App. 1966, 188 So.2d 575; Rivard v. McCoy, Fla.App. 1968, 212 So.2d 672.
[2] Foley v. Weaver Drugs, Fla. 1965, 177 So.2d 221.
[3] DeGroot v. Sheffield, Fla. 1957, 95 So. ed 912; Scheuerman v. Fla. Real Estate Commission, Fla.App. 1968, 215 So.2d 29.
[4] Florida Real Estate Commission v. Rogers, supra.
[5] Brod v. Jernigan, supra.
[6] Rivard v. McCoy, supra.