HUBBART, Judge.
This is an administrative proceeding before the Florida Board of Pharmacy in which a licensed pharmacy and its owners were charged with certain violations of law. The pharmacy was found guilty on one count, was assessed a fine and now seeks review thereof by a petition for a common law writ of certiorari.
The Florida Board of Pharmacy filed.a complaint against Robert’s Drugstore, Inc., a pharmacy licensed under Florida law and doing business in Miami, Florida. In the first count, it was alleged that the permit-tees of Robert’s Drugstore allowed a person unlicensed to practice pharmacy in Florida to dispense a prescription drug. The Florida Board of Pharmacy ultimately found Robert’s Drugstore not guilty on this charge.
In the second count, it was alleged that on a certain date the permittees of Robert’s Drugstore:
“did . . . at a time when a licensed pharmacist was not present and on duty in the prescription department of ROBERT’S DRUGSTORE, INC., 590 West Flagler, Miami, Florida permit the prescription department to remain unlocked and failed to display a sign in a prominent place in the prescription department in such a manner that it can be easily read by patrons of said establishment, which sign shall read: ‘Prescription Department Closed’.”
It was alleged that these acts were prohibited by Rule 21S-1.14 of the Rules of the Florida Board of Pharmacy which provides in relevant part as follows:
“Prescription Department; Padlock; Sign: ‘Prescription Department Closed’. If a community pharmacy is open for business and a Florida registered pharmacist is not present and on duty, the prescription department shall be considered closed; and a sign shall be displayed in a prominent place in the prescription department is such manner that it can be easily read by patrons of said establishment, and each letter on said sign shall be not less than four (4) inches in width and height, in bold print, and such a sign shall read: ‘Prescription Department closed’; provided that at all times when the prescription department is closed, either because of the absence of a Florida registered pharmacist or for any other reason, the said prescription department shall be separated from the remainder of the community pharmacy by partition or other means of enclosure, and said enclosure shall be locked or padlocked so as to prevent the entry into said department by persons not licensed to practice pharmacy in the State of Florida. . . . ” IV Fla.Admin.Code § 21S-1.14 (1974).
The Florida Board of Pharmacy conducted a full hearing on the complaint, took testimony and entered an order finding Robert’s Drugstore, Inc. and its permittees not guilty on count I of the complaint and guilty on count II of the complaint. Robert’s Drugstore, Inc. was ordered to pay a fine of $1,000. Section 465.22(l)(c), 465.-101(3), Florida Statutes (1975)
The permittees of Robert’s Drugstore filed a petition for rehearing or mitigation challenging the finding that the prescription department of the pharmacy herein was unlocked at a time when no licensed pharmacist was present and on duty in the prescription department. No question was raised as to the Board’s finding that the permittees of Robert’s Drugstore had failed to display a prominent sign indicating that the prescription department was closed. The Board re-opened the matter, took extensive testimony and entered an order re *120 affirming its original order and denying the petition for rehearing. Robert’s Drugstore seeks certiorari review solely as to the order denying the petition for rehearing.
The major question presented for review is whether there is substantial, competent evidence to sustain the Board’s finding on rehearing that Robert’s Drugstore permitted its prescription department to remain unlocked at a time when no licensed pharmacist was on duty in the prescription department. Our review of the record reveals no such evidence.
On the evening of December 23, 1975, Mr. Jerome Stern was a licensed pharmacist and owner and operator of Robert’s Drugstore, Inc., a licensed pharmacy in Miami, Florida. Mr. Stern was on duty that evening when he received a telephone call which required him to temporarily leave the pharmacy to return to his home nearby and attend his ailing wife. He locked the door on the prescription department of the pharmacy prior to leaving, but did not place a sign in a prominent place indicating the prescription department was closed. No licensed pharmacist was left on the premises during his absence. Shortly thereafter, an agent for the Florida Board of Pharmacy saw Mr. Frank Kalazo an employee of Robert’s Drugstore, leaving the prescription department of the pharmacy.
There is absolutely no evidence in this record which establishes that the prescription department was unlocked at any time during Mr. Stern’s absence from the pharmacy. The Board argues that since Mr. Kalazo was seen leaving the prescription department that the department must have been unlocked to allow him to enter. This conclusion does not follow since Mr. Kalazo was working in the prescription department as an assistant prior to Mr. Stern’s departure from the pharmacy. Moreover, it is undisputed that the door to the prescription department automatically locked upon Mr. Kalazo’s departure therefrom. In our view, the Board departed from the essential requirements of the law in denying the petition for rehearing solely as to the finding that the prescription department was unlocked during Mr. Stern’s absence from the pharmacy.
It does not follow, however, that we should upset the Board’s finding in its original order that the permittees of Robert’s Drugstore closed the prescription department on the date in question without displaying a prominent sign indicating that the prescription department was closed. The petition for rehearing never questioned that finding and Robert’s Drugstore has in fact conceded this fact throughout the proceedings herein. This act in itself is a violation of Rule 21S-1.14 of the Rules of the Florida Board of Pharmacy on which a finding of guilt was properly entered. IV Fla.Admin.Code § 21S-1.14 (1974).
We are unpersuaded by Robert’s Drugstore’s argument that the complaint herein was improper under Fla.R.Crim.P. 3.150(a) because it joined two offenses in a single count. The Florida Rules of Criminal Procedure are inapplicable to administrative proceedings such as an action before the Florida Board of Pharmacy. Fla.R.Crim.P. 3.010. Moreover, it is not improper to join two offenses in a single count in a complaint filed before such Board so long as the pharmacy and its permittees are given fair notice of the charges filed against them. See: Florida Board of Pharmacy v. Levin, 190 So.2d 768 (Fla.1966); Hickey v. Wells, 91 So.2d 206 (Fla.1956). A finding of guilt on one or both of the offenses charged may be properly entered if sufficiently established by the evidence. In the instant case, Robert’s Drugstore was given fair notice of the two violations charged in count II of the complaint and the evidence establishes one of the two violations charged.
We feel constrained to comment on one further point. The Florida Board of Pharmacy has failed to make available to Robert’s Drugstore at cost a transcript of the original proceedings on the complaint in violation of Section 120.57(l)(b)6, Florida Statutes (1975). The court reporter who took these proceedings has refused to transcribe her notes and the Board has taken no action to compel her to do so. Ordinarily, *121 we would be inclined to set aside the original order herein and remand for a new hearing based on this statutory violation. In this case, however, we refrain from doing so because of three factors which we believe make the error harmless: (1) Robert’s Drugstore has not sought certiorari review of the original order herein; (2) Robert’s Drugstore sought and obtained a complete rehearing of the matter and a full transcript thereof was made available to it at cost; (3) Robert’s Drugstore sought cer-tiorari review of the order denying the petition for rehearing and this court has granted the relief sought on the only finding of fact challenged by the petition.
We, accordingly, grant the petition for writ of certiorari. We quash that portion of the order denying the petition for rehearing with respect to the finding that Robert’s Drugstore permitted its prescription department to remain unlocked without a licensed pharmacist on duty. That finding of guilt is unsupported by substantial, competent evidence and is hereby quashed.
We leave undisturbed, however, that portion of the original order finding Robert’s Drugstore guilty of closing the prescription department without displaying a prominent sign indicating that the department was closed. Since this is a rather minor offense compared to leaving the prescription department unlocked without a licensed pharmacist on duty, we reverse the $1,000 fine imposed as excessive and reduce the same to $100. See: Pauline v. Borer, 274 So.2d 1 (Fla.1973); Florida Real Estate Commission v. Rogers, 176 So.2d 65 (Fla.1965).
The petition for writ of certiorari is granted, the order under review is in part quashed as previously stated, and the cause remanded for proceedings consistent with this opinion.