MAGER, Judge,
dissenting.
In my opinion certiorari should be granted and the final order of the Florida Real Estate Commission quashed on the basis that neither the facts nor the law would support the suspension of petitioner’s real estate broker’s registration. The Supreme Court of Florida in Pauline v. Borer, 274 So.2d 1 (Fla.1973), pointed out that the penalty of suspension of a real estate license should be sparingly and cautiously used and directed at the dishonest and unscrupulous broker, i. e., one who cheats, swindles or defrauds the general public. There is nothing in the recommended order of the hearing examiner or in the final order of the respondent suggesting that petitioner was “dishonest and unscrupulous.”
It should also be pointed out that while both the hearing examiner and the respondent found that petitioner had acted contrary to section 475.25(l)(a), Florida Statutes, the hearing examiner expressly found that the petitioner’s license should not be suspended. Although the respondent accepted the hearing examiner’s findings of fact it chose to reject the recommended penalty and, instead, sought to impose a greater penalty, i. e., suspension without affirmatively indicating the existence of anything in the record that would justify such increased penalty. See Section 120.-57(l)(b)9, Florida Statutes. Accordingly, I would grant the writ.