PER CURIAM.
We are presented with a petition for writ of certiorari seeking review of an order of the Florida Real Estate Commission, which is as follows:
“(c) That the Hearing Officer’s Findings of Fact and Conclusions of Law be, and the same are hereby, adopted as the Findings of Fact and Conclusions of Law of the Commission; and
“(d) That the Hearing Officer’s Recommended Order to issue the Defendants a written reprimand be, and the same is hereby, rejected.
“IT IS FURTHER ORDERED that the Defendants be, and they are hereby, found not guilty of violating Subsections 475.25(l)(a) and (c), Florida Statutes, as charged in Count Four of the Administrative Complaint.
“IT IS FURTHER ORDERED that the Defendants, Coronet Realty Corp. and Joan Jones Webb, be, and they are hereby, found guilty of violating Subsection 475.25(l)(i), Florida Statutes, as charged in Counts One, Two and Three of the Administrative Complaint, and found guilty of violating Rule 21V-10.10, Florida Administrative Code, Subsection 475.-25(l)(d), Florida Statutes, as charged in Count Five of the Administrative Complaint, and for said violations, the registration of Defendant Coronet Realty Corp. is hereby suspended for a period of sixty (60) days, and the registration of Defendant Joan Jones Webb is hereby suspended for a period of sixty (60) days.”
The Conclusions of Law in the Recommended Order of the hearings officer, which were accepted by the Commission, are in part as follows:
“5. In determining an appropriate penalty for the aforesaid violations of the law, it is appropriate to note first that Respondent Webb has been a real estate broker for a lengthy period and there is no indication that she has been disciplined on any prior occasions. It was clear from the testimony presented at the hearing that she enjoys a fine reputation with the clients involved in the instant transactions and that they reposed a considerable amount of faith and trust in her honesty and good judgment. The earnest money deposits were placed in a segregated account from all personal, firm, or operating accounts of the Respondents and none of these funds were misappropriated, dissipated or lost, nor was anyone hurt or prejudiced thereby. On the other hand, aside from being a technical violation of the law, it is clearly inappropriate and a potential source of future dispute for a broker to earn money in this manner from funds belonging to others. If Webb was not aware of the dangers of such a practice, she should have been, as an experienced realtor. Accordingly, it cannot be said that there were mere technical violations of the law. The improper advertisement, however, is of a minor technical nature and inasmuch as it reflected the name of a real estate firm in its text, it is not reasonable to assume that anyone would have been misled thereby. Respondents recognized their inadvertent error in this respect and it is not believed that this violation is of serious consequence.
“In view of the above, and taking into consideration a determination that Respondents’ derelictions did not involve fraud or dishonesty, it is not believed that license suspension is warranted. However, Respondents should receive a written reprimand to include an order to cease and desist from the prior practice involving the handling of escrow funds.”
The suspension of a real estate broker for a period of sixty days from her method of obtaining a livelihood is a harsh penalty which ought not be imposed except in cases of serious dereliction involving either fraud or culpable misconduct. See Pauline v. Borer, 274 So.2d 1 (Fla.1973); Reid v. Florida Real Estate Commission, 188 So.2d 846 (Fla.2d DCA 1966); and Peck v. Florida Real Estate Commission, 204 So.2d 355 (Fla.2d DCA 1967). See also Rogers v. King, 161 So.2d 258 (Fla.1st DCA 1964). Our review of the record convinces us that the Commission has unduly penal *73 ized petitioner in a case where only a minor violation of the rules of the Commission is evident. Thereupon, the petition for writ of certiorari is granted insofar as the penalty involved departed from the recommendation of the hearings officer. That portion of the order imposing a penalty of suspension from practicing as a real estate broker is quashed and the order is amended[1] to provide that the Commission shall issue a written reprimand to the petitioner. All other portions of the final order of the Commission shall remain unchanged.
It is so ordered.

. See Robert’s Drugstore, Inc. v. Florida Board of Pharmacy, 346 So.2d 118 (Fla.3d DCA 1977), where, in an administrative matter, this court reduced the penalty incurred.