367 So.2d 201 (1978)
FLORIDA REAL ESTATE COMMISSION and Casimir Szpak, Petitioners,
v.
Joan Jones WEBB and Coronet Realty Corporation, Respondents.
No. 52960.
Supreme Court of Florida.
December 21, 1978.
Rehearing Denied February 28, 1979.
Howard Hadley and Frederick H. Wilsen, Orlando, for petitioners.
H. Robert Koltnow, Miami, for respondents.
ALDERMAN, Justice.
The question before us is whether appellate courts have authority to review the penalties imposed by state agencies in administrative proceedings when they are within the allowable statutory range. Deciding it had such authority, the District Court of Appeal, Third District, in the case now before us on petition for writ of certiorari, reduced the penalty imposed by the Florida Real Estate Commission from a license suspension of sixty days to a written reprimand. Webb et al. v. Florida Real Estate Commission et al., 351 So.2d 71 (Fla. 3d DCA 1977). This decision conflicts with Carlton v. Florida Real Estate Commission, 354 So.2d 77 (Fla. 1st DCA 1978), wherein the District Court of Appeal, First District, refused to reduce an agency-imposed penalty on the basis that to have done so would have constituted a substitution of judgment by the District Court for that of the agency. In Carlton, the First District determined that Section 120.68(12), Florida Statutes (Supp. 1976), prohibits judicial review of the penalty imposed by an agency unless abuse of discretion clearly appears from the record.
We hold that so long as the penalty imposed is within the permissible range of statutory law, the appellate court has no authority to review the penalty unless agency findings are in part reversed. We quash the decision of the District Court of Appeal, Third District, and since our holding is more restrictive than that of the First District in Carlton, to the extent that Carlton is inconsistent, that decision is disapproved.
In the present case, the Florida Real Estate Commission filed a five-count complaint against Joan Webb and Coronet Realty Company, registered real estate brokers. After administrative hearing, the hearing officer recommended that Webb and Coronet be found guilty on three counts of failure to place and maintain earnest money deposits in a proper trust bank account and one count of improper advertising. Considering that Webb and Coronet's derelictions did not involve fraud or dishonesty, *202 the hearing officer stated that he did not believe license suspension was warranted and recommended the penalty of a written reprimand which would include an order to cease and desist from the prior practice involving the handling of escrow funds. The Florida Real Estate Commission adopted the findings of fact and conclusions of law of the hearing officer but stiffened the penalty recommended and suspended Webb and Coronet for a period of sixty days.
The District Court of Appeal, Third District, held that under the circumstances of this case, where only a minor violation of the rules of the Commission is evident, the penalty imposed was unduly harsh. That court quashed the portion of the order imposing the penalty of suspension, remanded to the Commission, and directed the Commission to amend its order as to the penalty and to enter a written reprimand.
The Florida Real Estate Commission and its authorized representative have filed a petition for review of the District Court's decision. They maintain that the setting of the penalty in disciplinary proceedings involving real estate brokers is a matter of discretion solely within the delegated discretion of the Commission and argue that the District Court substituted its judgment for that of the Commission in reducing the penalty imposed contrary to Section 120.68(12), Florida Statutes (1975),[1] which provides:
"(12) The court shall remand the case to the agency if it finds the agency's exercise of discretion to be:
(a) Outside the range of discretion delegated to the agency by law;
(b) Inconsistent with an agency rule, an officially stated agency policy, or a prior agency practice, if deviation therefrom is not explained by the agency; or
(c) Otherwise in violation of a constitutional or statutory provision; but the court shall not substitute its judgment for that of the agency on an issue of discretion."
They contend that the District Court's reliance on several decisions decided before the new Administrative Procedure Act was error because the language of the Administrative Procedure Act in existence when those cases were decided was substantially different and gave broader authority to the appellate courts than the now prevailing law.
Webb and Coronet respond that none of the new provisions of the Administrative Procedure Act has negated the power of the appellate court to review and modify penalties imposed by administrative agencies and explain that Carlton v. Florida Real Estate Commission, supra, merely held that appellate courts will not reduce a penalty imposed by an administrative agency unless there has been an abuse of discretion clearly appearing from the record. They contend that the record in the present case clearly shows that the Commission abused its discretion in imposing the sixty-day suspension in view of the circumstances of this case and that the District Court correctly decided that imposition of the sixty-day suspension was unduly harsh and that such penalty should be reduced.
We agree with the Commission that the District Court has substituted its judgment for that of the Commission in reducing the penalty in direct contravention of the mandate of Section 120.68(12) that "the court shall not substitute its judgment for that of the agency on an issue of discretion." The Commission possessed the statutory authority to suspend a license for a period not to exceed two years for a single violation. Section 475.25(1), Florida Statutes (1975). By suspending the licenses of Webb and Coronet for a period of sixty days for four violations, the Commission was properly acting within its range of discretion.
*203 Furthermore, we find that the decisions cited by the District Court[2] which predated the new Administrative Procedure Act insofar as they deal with the scope of review by appellate courts of administrative agencies are not applicable to the present case.
The District Court also refers to Robert's Drugstore, Inc. v. Florida Board of Pharmacy, 346 So.2d 118 (Fla. 3d DCA 1977), which was decided under the present Administrative Procedure Act. In Robert's the District Court held that the evidence did not support the finding of the Florida Board of Pharmacy that the licensee drugstore was guilty of the serious offense of permitting its prescription department to remain unlocked without a licensed pharmacist on duty but rather only supported the finding of the relatively minor offense of closing the prescription counter without displaying a prominent sign that the department was closed. Having determined that the evidence supported only a finding of guilty of the minor offense, the District Court reversed the $1,000 fine as excessive and reduced it to $100. Although Robert's is distinguishable from the present case because, therein, the District Court reversed findings of the Commission, the District Court exceeded its authority when it reduced the penalty. It should have remanded the cause to the Commission to reconsider the penalty in light of the reversal of the Commission's findings. To the extent that Robert's is inconsistent with our present decision, it is disapproved.
The scope of judicial review of the penalty under Section 120.68(12) is much more restrictive than the scope of review under its predecessor statute, Section 120.31(2),[3] which "gave the district courts the power to review such action and to enter such orders with reference thereto as it determined appropriate on the record before it." Florida Real Estate Commission v. Rogers, 176 So.2d 65, 67 (Fla. 1965). Section 120.68 provides much more detailed and precise guidelines than its predecessor as to the scope of judicial review of agency action.[4] This change allows for more consistent and predictable results. If the court finds that the agency acted outside its scope of discretion delegated to it by law, in other words abused its discretion, Section 120.68(12) requires that the reviewing court remand the case to the agency. So long as the agency imposes a penalty prescribed by law, it has acted within the range of its discretion and the penalty may not be overturned by the reviewing court except in situations where an agency's findings were in part reversed. This conclusion is buttressed by Section 120.68(14), Florida Statutes (1975), which provides:
"Unless the court finds a ground for setting aside, modifying, remanding, or ordering agency action or ancillary relief *204 under a specified provision of this section, it shall affirm the agency's action." (Emphasis supplied.)
In those situations where the penalty may be overturned, the appellate court may not exercise its judgment as to the proper penalty to be imposed but must remand the cause for further consideration by the agency.
Furthermore, we find no merit to Webb and Coronet's additional argument that Section 120.57(1)(b)9, Florida Statutes (1975), requires the Commission to explain its rationale for increasing the penalty recommended by the hearing officer. This statute provides:
"The agency may adopt the recommended order as the agency's final order. The agency in its final order may reject or modify the conclusions of law and interpretation of administrative rules in the recommended order, but may not reject or modify the findings of fact unless the agency first determines from a review of the complete record, and states with particularity in the order, that the findings of fact were not based upon competent substantial evidence or that the proceedings on which the findings were based did not comply with essential requirements of law. The agency may accept or reduce the recommended penalty in a recommended order, but may not increase it without a review of the complete record. In the event a court, in reversing an agency's order, finds that such agency action was done in bad faith or maliciously, the court may award attorney's fees and costs to the aggrieved prevailing party."
Section 120.57(1)(b) requires the agency to explain its rejections or modifications of the hearing officer's findings of fact contained in the recommended order. Here, however, the Commission adopted the findings of fact set forth in the recommended order of the hearing officer, but after a review of the entire record, rejected the recommended penalty of written reprimand and imposed a sixty-day suspension. Section 120.57(1)(b)9 requires that the agency review the entire record before increasing the recommended penalty but does not require the agency to explain its rationale for increasing the penalty.
Accordingly, having determined that the District Court erred in reducing the penalty, we quash the decision of the District Court and remand for further proceedings consistent herewith.
ENGLAND, C.J., and OVERTON, SUNDBERG and HATCHETT, JJ., concur.
ADKINS and BOYD, JJ., dissent.
NOTES
[1] Ch. 74-310, Sec. 1, Laws of Florida, effective January 1, 1975. This subsection to Section 120.68 was not changed by Ch. 76-131, Laws of Florida, and is therefore the same as Section 120.68(12), Florida Statutes (Supp. 1976), referred to by the First District in Carlton v. Florida Real Estate Commission, supra.
[2] Pauline v. Borer, 274 So.2d 1 (Fla. 1973); Reid v. Florida Real Estate Commission, 188 So.2d 846 (Fla. 2d DCA 1966); Peck v. Florida Real Estate Commission, 204 So.2d 355 (Fla. 2d DCA 1967) and Rogers v. King, 161 So.2d 258 (Fla. 1st DCA 1964), cert. discharged, 176 So.2d 65 (Fla. 1965).
[3] Section 120.31(2), provided:

"(2) In cases where certiorari is granted pursuant to this section, the court may issue its mandate, or order, with directions to the agency to enter such order in the proceedings as is appropriate on the record, or the court may remand the cause for such further proceedings, including the taking of testimony, as may to the court seem necessary or proper:
(a) To accord the parties due process of law;
(b) To establish a sufficient record, for review;
(c) To accord the parties their constitutional, statutory or procedural rights; and
(d) To accomplish the purposes and objectives of the law pursuant to which the administrative proceeding was initiated."
[4] The legislature's intent to define and restrict the scope of judicial review is evidenced by the Reporter's Comments on the Proposed Administrative Procedure Act for the State of Florida developed by the Florida Law Revision Council. As to the scope of judicial review, the reporter comments:

"This more detailed analysis of how courts should review agency action is designed to provide more precise guidelines in Florida than ambiguous provisions such as RMA 15(g). Present Florida law provides no statutory guidance for judicial review, other than the limited grounds for invalidating a rule which are contained in section 120.30(2). This is one of the key provisions which distinguishes the proposed act from existing practice."