BERANEK, Judge.
This is an appeal from an order of the Florida Real Estate Commission which revoked appellant’s license as a real estate salesman under Chapter 475, Florida Statutes, the Florida Real Estate License Law. Appellant White was adjudicated guilty of having accepted double payment of a commission in a real estate transaction in violation of Section 475.25(l)(a) Florida Statutes (1977); in failing to account for and deliver escrow money in violation of Section 475.-25(l)(c), Florida Statutes (1977); in failing to immediately place with his registered employer monies entrusted to him as an agent for his registered employer in violation of Section 475.25(l)(i), Florida Statutes (1977); and of being guilty of collecting money in connection with a real estate brokerage transaction not in the name of his employer and without express consent of his employer in violation of Section 475.-42(l)(d), Florida Statutes (1977).
The basic controversy centers around the sale of a piece of property for $3,000 in which appellant acted as the real estate salesman. It is asserted that he took a $300 commission from the seller and subsequently took a commission of $140 from the buyer. Appellant denied taking any commis *569 sion whatsoever from the buyer. He admits receiving $140 but contends this was simply a payment to him for numerous services which had nothing whatsoever to do with the real estate transaction. It appears uncontroverted in the record that appellant did befriend the purchasers. He furnished them transportation and at one point drove them to an out-of-town location to secure medical care. He was instrumental in having a well drilled for them and performed numerous other services which might well have justified the payment of the $140. This explanation by appellant was rejected and he was found to have taken a double commission. This finding was based on the deposition testimony of a single witness.[1]
We reverse the order of revocation below. The administrative complaint and the proposed order which was later adopted by the Florida Real Estate Commission charged appellant only with violations of Section 475.25(1), Florida Statutes (1977). There were absolutely no violations charged or proved within subsections (2) or (3) of this statute. Subsection (1) deals with suspension whereas subsections (2) and (3) deal with revocation. Here the order of the Commission does not make factual findings relating to the statutory basis for revocation and does not find appellant guilty under either subsection authorizing revocation. It appears that all charges and proofs and the order of the Commission relate to grounds for which only suspension is allowed. There is no basis for revocation alleged or proved in this case. We are cognizant of Florida Real Estate Commission v. Webb, 367 So.2d 201 (Fla.1978) holding a penalty within the permissible range of statutory authority cannot be reviewed by this Court. Here the penalty of revocation was not authorized by statute and the order below is, therefore, reversed and the matter remanded for further proceedings consistent herewith.
REVERSED AND REMANDED WITH INSTRUCTIONS.
CROSS, J., concurs.
DAUKSCH, J., concurs specially with opinion.

. Although not necessary to a determination of this appeal, we note that the testimony of the single witness supporting the double commission was extremely confusing and vague. This testimony was by deposition.