410 So.2d 935 (1982)
Frances B. GLENN, D.D.S., Appellant,
v.
DEPARTMENT OF PROFESSIONAL REGULATION, Appellee.
No. 80-2037.
District Court of Appeal of Florida, Third District.
January 12, 1982.
On Rehearing March 4, 1982.
Joe N. Unger; Finley, Kumble, Wagner, Heine & Underberg, Miami, for appellant.
Carol Gregg, Tallahassee, for appellee.
Before BASKIN, DANIEL S. PEARSON and FERGUSON, JJ.
FERGUSON, Judge.
The final order of the Board of Denistry, Department of Professional Regulation suspending appellant's license to practice dentistry for six months and fining her $1,000.00 is affirmed upon our finding that there is competent substantial evidence to support each of the Agency's factual determinations of violation of Section 466.028(1)(g), Florida Statutes (1979), and a violation of Section 466.028(1)(aa).
Upon review of an agency decision, an appellate court may not reweigh or reevaluate the evidence even though the court may disagree with the trial court's resolution of that conflict. Graham v. Estuary Properties, Inc., 399 So.2d 1374 (Fla. 1981); Shaw v. Shaw, 334 So.2d 13 (Fla. 1976); Metropolitan Dade County v. Mingo, 339 So.2d 302 (Fla. 3d DCA 1976).
*936 We note that even if we had determined that any one of the violations was not supported by the evidence, it would have been a useless act to remand on authority of Florida Real Estate Commission v. Webb, 367 So.2d 201 (Fla. 1978) for reconsideration of the length of suspension, which penalty we consider extremely harsh on these facts, in that a single violation under Section 466.028(1)(aa) mandates a minimum six-month suspension.
Affirmed.

ON MOTION FOR REHEARING
PER CURIAM.
Following the issuance of our opinion of January 12, 1982 we granted appellant's timely motion for rehearing. On rehearing, we now withdraw our reliance on Section 466.028(1)(aa), Florida Statutes (1979) as preventing remand for reconsideration of the penalty imposed. Though the statute was in effect at the time charges were filed, and possibly at the time of at least some of the alleged illegal acts of Tonya Fogg who was employed by Dr. Glenn until November 1, 1979, Dr. Glenn was not charged with violating Section 466.028(1)(aa), the statute is not mentioned in the Recommended Order of the Hearing Examiner or in the Final Order of Temporary Suspension and the agency does not contend either on appeal or on rehearing that the statute should apply. Accordingly, since we find the evidence insufficient to support a finding of violation as to the charges of directing and allowing Sandra Novotny to pre-size and cement orthodontic bands onto patients' teeth, and directing and allowing Anabelle Winnan to clean and polish clinical crowns before obtaining a certificate, we reverse in part the agency's findings and remand for reconsideration of the penalty. Florida Real Estate Commission v. Webb, 367 So.2d 201 (Fla. 1978).