BASKIN, Judge.
Dulce Secades Valdez, a pharmacist and president of La Universal Drug, Inc., entered a plea of no contest to charges of second-degree grand theft of $103.85, arising from the pharmacy’s unwarranted recovery of medicaid funds.[1] The Department of Professional Regulation, Board of Pharmacy [Board], then filed an administrative complaint alleging that Ms. Valdez’s conviction directly related to her ability to practice pharmacy. Ms. Valdez did not appear at the hearing but submitted a letter stating that she was unable to afford counsel and that she had not intended to commit any wrongful act. After conducting a disciplinary hearing, the Board revoked her license to practice pharmacy.
On appeal, Ms. Valdez contends that the Board’s confusion as to her identity caused it to impose such an unusually severe penalty that she was deprived of due process of law. Specifically, she challenges the fairness of her hearing. A review of the record reveals that the Board was extremely confused about the person whose conduct it was considering. Although the owner of the pharmacy and secretary of La Universal Drug, Inc., was Thomas Valdez, the Board continually referred to Ms. Valdez as “Mr. Valdez” and even as “the owner in charge of the pharmacy.” Thus, the Board’s revocation of Ms. Valdez’s license is not supported by substantial competent evidence, § 120.68(10), Fla.Stat. (1985), but *977 is the result of the Board’s demonstrated confusion concerning Ms. Valdez’s identity. The Board’s failure to afford Ms. Valdez a fair hearing denied her due process of law.
We reverse and remand for a de novo penalty hearing. See Florida Real Estate Comm’n v. Webb, 367 So.2d 201 (Fla.1978).
Reversed and remanded.

. The pharmacy submitted false medicaid claims for $119.46 and received payments in the sum of $103.85. Purchasers were permitted to trade prescriptions for merchandise.