844 So.2d 798 (2003)
Judith Hope WAX, Appellant,
v.
Jim HORNE,[1] as Commissioner of Education, Appellee.
No. 4D02-2832.
District Court of Appeal of Florida, Fourth District.
May 14, 2003.
Ron Renzy of Wallberg & Renzy, P.A., Coral Springs, for appellant.
Charles T. Whitelock of Whitelock & Associates, P.A., Fort Lauderdale, for appellee.
STEVENSON, J.
In this appeal, appellant, Judith Hope Wax, challenges the final order of the Education Practices Commission permanently revoking her Florida educator's certificate. We affirm.
The administrative complaint alleged that Wax, a seventh-grade middle school teacher, had sent several of her students electronic mails and audio files over the Internet that contained sexually suggestive jokes, profanity and "sexual material not suitable for students." Wax chose not to dispute the factual allegations in the complaint and requested an informal hearing where her attorney argued that her license should only be suspended, followed by probation. Wax's attorney stated that she was only twenty-five years old at the time of the incident and that her husband had died a month earlier. The Commission was also informed that Wax had resigned from her position in Florida and was now working on getting her teaching certificate in Nevada.
At the hearing, the Commissioner recommended that Wax's license be permanently revoked because Wax "showed a lack of recognition of the inappropriate action" in dealing as an educator with the seventh-grade students. The Commissioner argued that Wax lacked any remorse for her actions. Further, the Commissioner pointed out that the incident was not isolated and inadvertent, but that Wax had solicited the e-mail addresses so she could send the students profanity-laced, sexually-explicit material and had sent the e-mails to sixteen students.
Ultimately, the Commission imposed a penalty of permanent revocation of Wax's educator's certificate and permanently barred Wax from re-application. On appeal, Wax argues that her permanent revocation is inconsistent with prior agency practice since there are other cases where *799 the conduct was more egregious, but the penalty less severe. For the same reasons, Wax also argues that the Commission's order violates the equal protection clauses of the United States and Florida constitutions. Thus, Wax argues that the decision violates Florida Statutes section 120.68(7)(e)3.-4.[2]
We affirm for several reasons. First, permanent revocation was clearly a penalty authorized by the statute, and appellant cannot ask this court to substitute its judgment for that of the Commission in the discretionary matter of punishment. The Florida Supreme Court has stated that "so long as the penalty imposed [by an administrative agency] is within the permissible range of statutory law, the appellate court has no authority to review the penalty unless agency findings are in part reversed." Fla. Real Estate Comm'n v. Webb, 367 So.2d 201, 201 (Fla.1978); Weiss v. Dep't of Bus. & Prof'l Regulation, 677 So.2d 98 (Fla. 5th DCA 1996)(affirming revocation of broker's license, which was allegedly too harsh a penalty, citing Webb); Clark v. Dep't of Prof'l Regulation, Bd. of Med. Exam'rs, 463 So.2d 328 (Fla. 5th DCA 1985)(affirming revocation of medical license based on Webb). Whether Wax's conduct warrants the statutorily permissible penalty of permanent revocation is a matter for the Education Practices Commission to decide.
Second, even if this court were at liberty to reverse the Commission's choice of penalty where it is "inconsistent with prior agency practice," appellant has not met her burden of demonstrating that this is such a case. Appellant has provided examples where suspensions were meted out where (1) a middle school teacher had accessed a "naturalist" website during class and, although the screen was turned away, some of the students caught a glimpse of the nude images on the screen, see Crist v. Arnaldo, EPC Case No. 00-0586-RT (2001); (2) a high school teacher showed the "R" rated movie "Posse" to her students, which contained profanity, nudity and scenes depicting sexual acts, see Brogan v. Carter, EPC Case No. 94-117-RT (1994); and (3) a teacher purchased beer for some high school students who were members of a rowing team and had a party after a "regional" competition, see Brogan v. Gaul, EPC Case No. 95-209-RT (1995). On the other side of the ledger, appellant cited two cases in which permanent revocations were imposed where (1) a high school teacher fondled one female student and had consensual sexual relations with another, see Gallagher v. Teifer, EPC Case No. 97-123-RT (1997); and (2) a teacher sexually harassed two of his female colleagues with uninvited hugs, kissing and touching, see Brogan v. Thomas, EPC Case No. 97-119-RT (1997).
Appellant argues that this case is more in line with those in which the Commission merely suspended the teacher's license. All of the cases cited by appellant are different in some meaningful way from the instant case. Here, the Commission was *800 faced with a unique case involving a teacher sending sexually explicit material over the Internet directly to sixteen seventh-grade students. Wax has failed to show that the permanent revocation of her educator's certificate is "inconsistent" with any prior agency practice. In our analysis, appellant is simply asking this court to substitute its judgment for that of the Commission on an issue of discretion.
Accordingly, the order on review is AFFIRMED.
STONE and WARNER, JJ., concur.
NOTES
[1] The caption has been changed to reflect the new Commissioner of Education, Jim Horne, as appellee, instead of former Commissioner, and now Attorney General, Charles J. Crist, Jr.
[2] Section 120.68, Florida Statutes (1999), providing for judicial review, states in part:

(7) The court shall remand a case to the agency for further proceedings consistent with the court's decision or set aside agency action, as appropriate, when it finds that:
....
(e) The agency's exercise of discretion was:
....
3. Inconsistent with officially stated agency policy or a prior agency practice, if deviation therefrom is not explained by the agency; or
4. Otherwise in violation of a constitutional or statutory provision;
but the court shall not substitute its judgment for that of the agency on an issue of discretion.
§ 120.68(7)(e)3.-4.