351 So.2d 50 (1977)
George H. POIRIER, III, Petitioner,
v.
DIVISION OF HEALTH, STATE of Florida, DEPARTMENT OF HEALTH AND REHABILITATIVE SERVICES, Respondent.
No. BB-252.
District Court of Appeal of Florida, First District.
August 5, 1977.
Rehearing Denied November 16, 1977.
*52 John L. Riley, Riley, Schowe & Saltsman, St. Petersburg, Robert J. Angerer, Joseph C. Jacobs, Ervin, Varn, Jacobs & Odom, Tallahassee, for petitioner.
J.E. Hodges, Jacksonville, for respondent.
*53 BOYER, Chief Judge.
By timely petition for review filed pursuant to the appropriate provision of the Administrative Procedures Act, Section 120.68, Florida Statutes (1975), petitioner challenges respondent's order which suspended his license to sell hearing aids for one year. Of the numerous charges lodged against petitioner, the hearing examiner found that only the following charges were established: Selling rebuilt hearing aids as new ones, permitting the selling and fitting of hearing aids by a suspended or unregistered person, and failure to provide customers with a proper receipt.
Before proceeding to petitioner's "substantive" complaints, we must first discuss the alleged "procedural" irregularities.
At the hearing held on the administrative complaint filed against petitioner, petitioner objected to the testimony being recorded by a mechanical device, rather than a court reporter. He relies upon Section 120.57(1)(b)6, Florida Statutes (1975) which requires the agency to "accurately and completely preserve all testimony in the proceeding ..." However, there is nothing in that statute requiring that a certified court reporter record the hearing, and we refuse to read that element into the statute. However, we do hold that any party has a right, as distinguished from a duty, to arrange, at his, her or its initial expense, to have the proceedings reported by a court reporter. Petitioner further asserts that the transcript of the hearing contains certain unexplained blank pages, but petitioner has not demonstrated that he has been prejudiced by any discrepancies or omissions in the record. Accordingly, petitioner's first procedural point is without merit.
A second procedural issue concerns the refusal of the hearing examiner to allow petitioner to proffer certain testimony tending to show the bias of one of respondent's investigators, Ralph Gray. In refusing to allow the proffer, the hearing examiner indicated that the matter of the investigator's bias was outside of her "jurisdiction". The general rule is that proffer of testimony should be permitted where an adequate predicate has been laid. Green v. Hood, 120 So.2d 223 (Fla.1st DCA 1960). However, where, as here, the evidence sought to be proffered relates to an issue which the hearing officer has declared to be outside of her "jurisdiction", and no contrary showing having been made, the proffer of evidence relating to that issue is unnecessary. It appears that petitioner's primary objection was that the hearing examiner refused to consider the issue of the investigator's bias. Interestingly enough however, petitioner does not raise that point on appeal.
In a further assault on Investigator Gray's testimony, petitioner claims that his entire testimony is absolute hearsay or hearsay on hearsay and should therefore not have been considered by the hearing examiner. Petitioner further objects to a post-hearing letter written by Florence Holmes concerning petitioner's activities regarding the sale of a hearing aid to her. Respondent's staff counsel sent copies of the letter to the hearing examiner and petitioner's counsel. Under Section 120.58(1)(a), Florida Statutes (1975), "Hearsay evidence may be used for the purpose of supplementing or explaining other evidence, but it shall not be sufficient in itself to support a finding unless it would be admissible over objection in civil actions." Upon examination of the findings of fact contained in the recommended order of the hearing examiner, we have found no finding solely supported by hearsay evidence or testimony. Thus, admission of the hearsay evidence was not, under the facts of this case, erroneous.
In a final procedural point, petitioner argues that respondent did not follow the proper procedure in having the rules which petitioner allegedly violated officially recognized. Contrary to Section 120.61, Florida Statutes (1975) which requires that the parties be notified and given an opportunity to examine and contest the material when official recognition is requested, respondent in the instant case did not furnish copies of the applicable rules to petitioner with the amended complaint nor were they offered into evidence at the time of the *54 hearing. Petitioner's point is well taken. No attempt was made to comply with Section 120.61. For the proposition that a hearing officer may take judicial notice of an officially published rule found in the Florida Administrative Code, respondent relies upon State v. Mobley, 133 So.2d 334 (Fla.2nd DCA 1961). However, the Supreme Court, in reversing that decision (see Mobley v. State, 143 So.2d 821 (Fla. 1962)), stated:
"We think it essential to the orderly dispensation of justice that a defendant be apprised, under the rules of procedure, of the regulation of which violation is alleged. The requirement imposes no hardship upon the prosecution and affords to the defendant a reasonable safeguard of his liberty. It is our view that in those instances in which the court should by reason of statute or otherwise take judicial notice of a rule, regulation or order of an administrative agency of the state, the federal government or political subdivision thereof, or an ordinance of a municipality, that the pertinent text of such rule, regulation, order or ordinance should be made to appear as a part of the record in the trial court." (Mobley v. State, supra, at 823, 824)
Although the Mobley case involved the criminal prosecution of a defendant for violation of a rule promulgated by the Game and Fresh Water Fish Commission, we find the language in that case no less applicable here where petitioner's livelihood and vocation are at stake. The failure of respondent to comply with the requirements of either Section 120.61 or the Mobley case was, therefore, error.
Turning to the more "substantive" issues, we first consider the charge lodged against petitioner that he failed to provide certain of his customers with proper receipts as required by Section 468.136, Florida Statutes (1975). According to the administrative complaint, the receipts were deficient in that they did not contain all of the required information such as brand of hearing aid, serial number, model and whether the hearing aid is new, used or rebuilt, and petitioner's signature. It was petitioner's testimony at the hearing that his procedure was to provide his customers with a purchase order receipt at the time the order for a hearing aid was made, and then at the time of delivery, to provide a written guarantee. Although petitioner admitted that not all of the required information was on the first purchase order receipt, he claimed that the two receipts taken together contain all that the statute required. Petitioner asserts on appeal that the statute does not require that all of the information be placed on one receipt. Notwithstanding the logical force of that argument, the record indicates that the necessary information was not given to all of the customers. For example, the serial number of the hearing aid bought by Mrs. Charity Moore is not found on either the purchase agreement or security agreement which were introduced at the time of the taking of her deposition. The same can be said of the "receipts" given to Clara Smith which were introduced into evidence at the taking of the deposition of Mrs. Smith's daughter, Joann Gadd. Consequently, respondent established that petitioner failed to provide at least some of his customers with a proper receipt.
Petitioner next claims that he did not employ an unregistered person to perform acts defined as fitting and selling of hearing aids, as charged in the administrative complaint. As to the transactions between himself and two customers (Sylvia Game and Geraldine Combs), he argues that there was no "selling" involved because those customers canceled their orders, never received a hearing aid from him, and were refunded their deposits. Under Section 468.122(6)(b), Florida Statutes (1975), "Selling means all acts and agreements pertaining to the selling, renting, leasing, pricing, delivering, and guaranteeing of a hearing aid and other services not related to fitting, as outlined in this Part III." Petitioner asserts that the statute contemplates a completed transaction, as evidenced by the conjunction "and" tying together the words "delivering" and "guaranteeing". Petitioner's position is untenable. Under the reasoning advanced by petitioner, in order for there to be a sale, all of the enumerated categories in the statutory definition would *55 have to be met, including "renting" and "leasing". In our view, the statute should not be so tortuously construed. The legislature intended for the definition to include all acts and agreements pertaining to any of the enumerated categories. Sub judice, the unregistered persons in petitioner's employ came within the statutory definition when they induced Mrs. Game and Mrs. Combs to sign a purchase agreement.
Petitioner assaults a third instance of permitting an unregistered employee to fit and sell a hearing aid to a customer (E.T. Breazeale) by contending that respondent failed to establish that the employee acted with petitioner's knowledge. Such a showing is not an unreasonable requirement. It would be unfair to penalize an employer for the unauthorized actions of his employees unless the employer knew or should have known of the employees' actions. Similar reasoning has been employed by courts reviewing the revocation of liquor licenses based upon the sale of intoxicating beverages by the licensee's employee to minors. See Taylor v. State Beverage Department, 194 So.2d 321 (Fla.2nd DCA 1967). Sub judice, there was no showing that petitioner knew or should have known that his unregistered employee (Joseph King) was going to sell a hearing aid to any of petitioner's customers. In fact, after the sale was made, petitioner rebuked Mr. King for exceeding his duties, and finally discharged King from his employ for exceeding his authority. Given those circumstances, the charge that petitioner permitted Mr. King to sell a hearing aid to Mr. Breazeale cannot be used to sustain the suspension of petitioner's license.
Petitioner also insists that the element of guilty knowledge should be imposed on the charge of selling rebuilt hearing aids as new hearing aids, which charge the hearing examiner found was sustained by the evidence. Again, we find the element of guilty knowledge to be an indispensible element of the charge. To be sure, petitioner may not stick his head in the sand like the proverbial ostrich and claim that he is without knowledge. Moreover, respondent could establish knowledge by the use of circumstantial evidence. Petitioner's status as an experienced hearing aid dealer is relevant on that point. However, the record on appeal fails to establish either by direct or circumstantial evidence the requisite element of guilty knowledge. Bill Austin, president of Starkey Laboratories, stated that the hearing aids were mistakenly invoiced to petitioner as new hearing aids. He further testified that petitioner did not know and had no way to know that the hearing aids in question were rebuilt and that petitioner had purchased in the past nothing but new hearing aids from his company. Mr. Austin's testimony was corroborated by the interrogatories supplied by Dale Thorested, production manager for Starkey Laboratories. When coupled with the testimony of petitioner who absolutely denied knowing that the hearing aids were rebuilt instead of new, the testimony establishes lack of guilty knowledge on petitioner's part.
Finally, petitioner urges us to eliminate or, at least, reduce the punishment meted out by respondent. Based on our conclusions as expressed in the earlier portion of this opinion, we have authority to do so under both the APA[1] and caselaw.[2] Because of the "procedural" and "substantive" errors contained in the record on appeal, we conclude that the one year suspension of petitioner's license should be reduced to a suspension of 90 days. Accordingly, the cause is reversed and remanded for proceedings consistent with this opinion.
REVERSED AND REMANDED.
McCORD, C.J., and RAWLS, J., concur.
NOTES
[1] § 120.68(9)(a), Fla. Stat. (Supp. 1976).
[2] Rogers v. King, 161 So.2d 258 (Fla.1st DCA 1964), cert. disch. 176 So.2d 65 (Fla. 1965).