ERVIN, Judge,
concurring and dissenting.
I concur in this court’s decision there was competent and substantial evidence in support of the Commission’s finding that petitioner had concealed his personal interest in a parcel of property of which he was the procuring cause of the purchase contract. I *79 disagree, however, with the portion of the decision reducing petitioner’s suspension to a period of one year. Section 475.25(1), Florida Statutes (1975), permits the Commission to suspend a registrant for a period not exceeding two years. This the Commission did within the exercise of its discretion. Section 120.68(12) prohibits us from substituting our judgment for that of an agency on an issue of discretion. We have reviewed the agency’s order and have found competent substantial evidence supports the findings made; however by reducing the penalty imposed we are in effect substituting our discretion for that of the agency.
As stated in Erwin v. State, Dept. of P. & O. R., etc., Bd. of Dentistry, 320 So.2d 2, 6 (Fla. 2nd DCA 1975), “Where the penalty is imposed by a peer group of professionals and is within the allowable range, [the courts are]' reluctant to disturb it.” True, in Poirier v. Division of Health, Department of Health and Rehabilitative Services, 351 So.2d 50 (Fla. 1st DCA 1977), opinion filed August 5, 1977, we recently reduced the agency’s order suspending petitioner’s license from one year to 90 days, however, we did not sustain the agency’s findings which approved all the charges filed against petitioner; we set aside a portion of the order finding the petitioner permitted the selling and fitting of hearing aids by suspended or unregistered persons. Here we have affirmed in all respects the agency’s findings. To hold as the majority has done is, in my opinion, an unwarranted incursion by our court into an area appropriately reserved to agency discretion. I would deny the petition for review and affirm the order of the Commission as entered.