ON PETITION FOR REHEARING
ERVIN, Judge.
We have reconsidered our per cu-riam opinion filed November 23, 1977, in light of the authorities cited in the petition for rehearing, and conclude that the petition should be granted. We now determine that Section 120.68(12); Florida Statutes (Supp.1976), prohibits judicial review of a penalty imposed by an agency unless abuse of discretion clearly appears from the record. It is impossible to state with precision a general rule locating the outer perimeters of appropriate agency discretion. This may only be done on a case-by-case basis. We previously recognized that judicial review to reduce penalties imposed extends to situations where an agency’s findings were in part reversed. Poirer v. Division of Health, Department of Health and Rehabilitative Services, 351 So.2d 50 (Fla. 1st DCA 1977).
In different contexts we have limited circuit courts’ jurisdiction to enjoin agency action except in most extraordinary circumstances, State ex rel. Dept. of General Serv. v. Willis, 344 So.2d 580 (Fla. 1st DCA 1977), and their jurisdiction to render declaratory judgments in cases involving agencies. School Bd. of Leon County v. Mitchell, 346 So.2d 562 (Fla. 1st DCA 1977). The 1974 APA similarly requires that we proceed cautiously and with restraint in reviewing an agency’s imposition of penalties. Having determined there was competent and substantial evidence in support of the findings made by the Commission, we may not now substitute our judgment for that of the agency on an issue of discretion.
Petition for rehearing is granted and the order of the Commission affirmed.
MILLS, J., concurs.
BOYER, Acting C. J., dissents.