588 So.2d 1069 (1991)
Dorothy R. SILVIA, Appellant,
v.
CUMBERLAND FARMS, INC., Appellee.
No. 90-2610.
District Court of Appeal of Florida, Fourth District.
November 13, 1991.
*1070 Lynn E. Sharon, Earle Lee Butler, P.A., Fort Lauderdale, for appellant.
Shelley H. Leinicke, Wicker, Smith, Tutan, O'Hara, McCoy, Graham & Lane, P.A., Fort Lauderdale, for appellee.
POLEN, Judge.
Appellant seeks review of an order of the Unemployment Appeals Commission [hereinafter Commission] affirming an appeals referee's determination that appellant was not entitled to unemployment compensation benefits. We reverse and remand with instructions that the Commission rule on the admissibility of appellant's newly discovered evidence.
Appellant filed a claim for unemployment compensation benefits alleging that her employer, Cumberland Farms, Inc., had unjustly accused her of stealing and had fired her. Her claim was initially approved by the Florida Department of Labor and Employment Security. However, Cumberland Farms appealed that decision, and a telephone hearing was held before an unemployment compensation appeals referee.
Testimony adduced at the hearing revealed that appellant worked for Cumberland Farms from July 16, 1986, to May 3, 1990, as a cashier, occasionally filling in as acting manager. On May 3, 1990, Richard Doyle, a loss prevention specialist with Cumberland Farms, entered the store in which appellant was working and brought her into the back room of that store. Appellant and Doyle presented contradictory testimony as to what occurred next.
Doyle testified that he asked appellant if she consumed merchandise from the store that she did not pay for. In Doyle's version of events, appellant asked if she had to continue talking to him, and when Doyle said no, appellant stated that she quit and walked out of the store. Doyle did not have the authority to fire an employee, however he could suspend an employee with written notice.
Appellant testified that once in the back room, Doyle told her that cameras had been watching her since she began working for Cumberland Farms. He then accused her of taking over $2,000.00 from the store, and appellant denied the accusation. Appellant asked Doyle if this meant she was fired, and Doyle responded yes. At this point appellant walked out of the room and gave her store key to her manager. Before leaving, she asked her manager if he knew what was going on, and he said he did not.
The appeals referee resolved the conflict in the evidence in favor of Cumberland Farms, and in an opinion dated July 3, 1990, concluded that appellant "voluntarily left her position without good cause attributable to the employer within the meaning of the law." Appellant timely appealed the referee's decision, and on August 23, 1990, she submitted two (2) newspaper articles to the Commission that outlined the claims of several Cumberland Farms employees that they had been wrongly accused of stealing from the company and then forced to leave their jobs. One of the articles discussed a civil lawsuit brought against Cumberland Farms by several employees who alleged, like appellant, that they were brought into a back room and accused of stealing. Appellant's request that the Commission receive this newly discovered evidence included a statement of willingness to furnish sworn statements of former Cumberland Farms employees attesting to the facts documented in the newspaper articles.
The Commission affirmed the decision of the appeals referee on August 31, 1990, in a one-sentence order that makes no mention of the newly discovered evidence appellant submitted to the Commission. The record on appeal did not include this evidence; however, appellant moved this court to supplement the record with the articles and a letter from the Commission acknowledging that the articles had been received on August 27, 1990.
Florida Administrative Code Rule 38E-3.005 provides that a party may request the Commission to consider newly discovered evidence which by due diligence *1071 could not have been discovered in time for presentation at the hearing before the appeals referee. The rule requires that a request to consider newly discovered evidence be in writing and include a clear and concise description of the evidence which demonstrates that the evidence is material to the outcome of the case and that it could not have been discovered prior to the hearing by an exercise of due diligence.
The newspaper articles submitted by appellant constitute hearsay. While this hearsay evidence would not be sufficient in itself to support a finding unless it would be admissible over objection in civil actions, such hearsay is generally admissible in an administrative action and may be used to supplement or explain other evidence. Section 120.58, Fla. Stat. (1989); Campbell v. Central Fla. Zoological Society, 432 So.2d 684, 685 (Fla. 5th DCA 1983). Thus, in Poirier v. Dep't of Health and Rehabilitative Servs., 351 So.2d 50 (Fla. 1st DCA 1977), the court refused to find error in the admission of hearsay evidence, when no finding of fact contained in a hearing examiner's recommended order was solely supported by hearsay evidence. Id. at 53. In the instant case, the newspaper articles could not have provided the sole support for a finding that appellee caused appellant to leave her employment, however this evidence could have been used to support appellant's testimony to that effect.
Further, one of the articles shows a date of August 23, 1990, and thus could not have been discovered prior to the July 3, 1990, initial hearing. The information contained in the articles, if proved, would be material in that it goes directly to the question at issue before the Commission: whether appellant voluntarily left her position without good cause attributable to the employer. Yet, regardless of appellant's careful compliance with Rule 38E-3.005, the record transmitted to this court by the Commission contained neither the evidence, nor a ruling on the admissibility of this newly discovered evidence. While it is true that a decision to accept newly discovered evidence under Rule 38E-3.005 is within the sole discretion of the Commission, this rule does not grant the Commission authority to act on such a request, or fail to act, without accountability. Appellant is entitled to a decision on her request, as well as the right to challenge such a decision if she believes it is error.
The question of credibility of witnesses is for the appeals referee, and an order of the Commission supported by competent, substantial evidence should not be disturbed on appeal. Rosa v. Jefferson's Stores, Inc., 421 So.2d 818 (Fla. 4th DCA 1982). The problem here is that we are unable to determine what evidence was before the Commission, and appellant was unable to determine what evidence the Commission would allow her to submit.
Therefore, we reverse and remand to the Commission with directions that it consider appellant's request to accept the newly discovered evidence (both the newspaper articles and the affidavits), provide a ruling on that request, and reconsider the merits of appellant's case if warranted.
DELL, J., concurs.
GUNTHER, J., dissents without opinion.