PER CURIAM.
This case involves a police sergeant, Ap-pellee David Leal, who was discharged by Appellant City of Boynton Beach for an alleged violation of policy or procedure. Leal applied for unemployment benefits and was initially denied such benefits based on the fact that he was discharged for misconduct connected with work. Leal appealed this decision which was reversed after a hearing in front of an appeals referee. Boynton Beach appealed to the Appellee Unemployment Appeals Commission. During such appeal, Boynton Beach filed a brief pursuant to Florida Administrative Code Rule 60BB-7.004 requesting that the Commission consider newly discovered evidence which was material to the outcome of the case and not discoverable at the time of the hearing through due diligence. The evidence Boynton Beach sought to have the Commission consider was the internal report prepared regarding the event that led to Leal’s discharge. The Commission affirmed the appeals referee’s findings and determination. The Commission’s order does not include any ruling regarding whether it would consider the newly discovered evidence. Boynton Beach argues that the Commission’s failure to rule on its request requires reversal. We agree.
Pursuant to Rule 60BB-7.005(1) “[a] party may request the Commission to consider newly discovered evidence which by due diligence could not have been discovered in time for presentation at the hearing before the appeals referee.” The Commission argues that Boynton Beach was not entitled to a ruling where it did not file a separate motion. This argument *1101 is without merit. Nothing in the rule requires a separate motion. The rule requires that the request be in writing and include a clear and concise description of the evidence. Fla. Admin. Code R. 60BB-7.005(2). Boynton Beach’s brief satisfied these requirements. Having properly submitted its request, the next question becomes whether this case must be reversed where the Commission’s order includes no ruling on the request.
This court addressed a similar issue in Silvia v. Cumberland Farms, Inc., 588 So.2d 1069 (Fla. 4th DCA 1991). In Silvia, the Commission’s order was similarly silent as to an employee’s request that the Commission consider newly discovered evidence. In discussing the applicability of Rule 60BB-7.005(2), this court stated while it “[wa]s within the sole discretion of the Commission [to decide whether to accept the evidence], this rule does not grant the Commission authority to act on such a request, or fail to act, without accountability.” Silvia, 588 So.2d at 1071. Based on this reasoning, the court remanded the case for the Commission to consider the employee’s request, provide the employee a ruling on the same, and reconsider the merits of the case if warranted. Id. Given this court’s decision in Silvia, the same course of action is appropriate here. Accordingly, we remand this case for the Commission to consider Boynton Beach’s request, provide it a ruling, and reconsider the merits of the appeal, if warranted.

Reversed and Remanded.

WARNER, KLEIN and HAZOURI, JJ., concur.