SLEET, Judge.
Shear Enterprises, LLC (Shear), appeals the Reemployment Assistance Appeals Commission’s (RAAC) order affirming the appeals referee’s decision finding David Casey was qualified for receipt of unemployment benefits. Because the RAAC’s order does not specifically address Shear’s alleged newly discovered evidence, we reverse and remand.
After the appeal’s referee entered its decision in this matter, Shear appealed to the RAAC. In its request for an appeal, Shear indicated that it recently discovered text messages between Casey and an employee at Shear that demonstrated that Casey had in fact voluntarily quit and was not fired as he claimed. Although the RAAC heard the appeal, its order affirming the appeals referee’s decision does not indicate that it considered the alleged newly discovered evidence. Although the decision to accept newly discovered evidence is within the RAAC’s discretion, Shear is entitled to a decision on its request as well as the right to challenge the decision if it believes the decision was erroneous. See Silvia v. Cumberland Farms, Inc., 588 So.2d 1069, 1071 (Fla. 4th DCA 1991); see also City of Boynton Beach v. State, Unemployment Appeals Comm’n, 922 So.2d 1099, 1101 (Fla. 4th DCA 2006) (reversing and remanding for the commission to consider the employer’s newly discovered evidence and to provide it a ruling).
Accordingly, we reverse the RAAC’s order affirming the appeals referee’s decision and remand for the RAAC to consider Shear’s alleged newly discovered evidence and to provide it a ruling on the evidence.
Reversed and remanded.
KELLY and MORRIS, JJ., Concur.