JOANOS, Judge.
Progressive Investors Association, Inc. (hereinafter “PIA”) appeals from a final judgment entered in favor of Shingles on a promissory note. PIA was ordered to pay the remaining amounts due plus interest, and if payments were not made by a certain date, foreclosure of Shingles’ lien on the liquor license owned by PIA was to take place. We find that there was sufficient evidence to enable the judge, as trier of fact, to reject each of PIA’s various defenses and counterclaims and affirm his judgment entered in favor of Shingles on the note.[1] We reverse, however, the portion of the order allowing Shingles to operate PIA’s liquor license prior to the foreclosure sale.
Briefly, the facts pertinent to the liquor license foreclosure appear to have been as follows. PIA is the incorporated result of an investment club formed in the early 1970’s. Shingles, a stockholder in PIA, served as president and director of PIA until November 1979. In 1976, PIA obtained a package store beverage license, and *278 with an $8000 loan from Shingles secured by the liquor license, constructed a building and began to operate a liquor store. For about a year, PIA operated the liquor store through several of its officers and stockholders. The store was not profitable, however, and beginning August of 1977, PIA did not meet its monthly payments on the note to Shingles. Shingles agreed to operate the store as of October 1977, and the evidence supports the conclusion that, at least for the next two years, Shingles’ management of the store was under the authority of PIA. In November of 1979 (about ten months after Shingles notified the other shareholders of his demand for payment on the note and his intent to foreclose on the liquor license) PIA voted to remove Shingles as a director and officer. PIA then notified liquor distributors and the bank that Shingles had no authority to bind PIA.
Ultimately, Shingles filed a complaint in Wakulla County to foreclose on the liquor license or to receive payment on the note. PIA sought a declaratory judgment against Shingles on a counterclaim alleging that Shingles no longer had authority to operate under the license. PIA also filed a separate declaratory judgment action on the same grounds in Leon County and both the Department of Business Regulation and PIA were named as defendants. In the Leon County action, which was consolidated with Shingles’ action in Wakulla County, PIA alleged that it had notified the Department of Business Regulation of the situation and had requested the Department to escrow the license pending sale. According to the allegations, the Department responded that it believed that a mortgagee who has filed a foreclosure action on a liquor license has the equitable right to operate under the license. The record does not reflect an answer filed by the Department and the Department did not respond to this appeal. The trial court summarily denied all relief under PIA’s claim without specifically addressing the question presented for summary judgment, but Shingles was allowed to continue operating under the license until foreclosure. We agree with PIA that Shingles did not have the authority to use PIA’s liquor license prior to foreclosure.
The statutory provision dealing with a mortgagee’s interest in a liquor license is § 561.65, Florida Statutes (1979). Under subsection (2), if a person holding a lien on a liquor license purchases the license at a foreclosure sale “he shall have the right to operate under said license, if otherwise lawfully qualified and authorized by the division [Division of Alcoholic Beverages and Tobacco of the Department of Business Regulation] to do so . .. . ” Impliedly, a lienholder does not have the right to operate under the license prior to its purchase of the license. Even after foreclosure, the lienholder must obtain authorization from the division.
In the trial judge’s order, Shingles was given the right to continue managing the liquor store from the date of the order until the foreclosure sale, even though PIA was still the owner of the liquor license during this period of time. By allowing Shingles to operate under the license without PIA’s authority and control, the trial judge circumvented the requirement that the operator of a liquor license must meet certain statutory qualifications and be approved by the division. In addition, PIA remained the “licensee” for purposes of the statute and potentially subject to revocation of its license or civil penalty if Shingles misused the privilege. See § 561.29, Florida Statutes (1979). In short, we can find no support for the proposition that the mortgagee of a liquor license has any equitable right to operate under the license while title to the license remains in the hands of the mortgagor, particularly where the mortgagor has refused to consent to the arrangement.
We, therefore, AFFIRM the Final Judgment appealed from in all particulars except we REVERSE the portion of the judgment allowing appellee to operate the liquor license prior to the foreclosure sale.
ROBERT P. SMITH, Jr., C. J., and THOMPSON, J., concur.

. In defense of the demand for payment on the note and/or foreclosure, PIA responded with equitable affirmative defenses and counterclaimed for a constructive trust, an accounting, and a declaratory judgment relating to Shingles’ use of the liquor license. The primary dispute concerned oral agreements between PIA and Shingles for Shingles’ management of PIA’s liquor store and for the use of land owned by Shingles’ mother. Suffice it to say that in the contradictory evidence of undocumented business dealings, there was sufficient evidence for the trial court to deny PIA’s challenge to the note.