HOBSON, Judge.
The Division of Alcoholic Beverages challenges the provision of the trial court’s nonfinal order authorizing a receiver to operate the Library Lounge under a revoked liquor license pending final disposition of a mortgage foreclosure action. We agree with the Division that this portion of the order appointing receiver violates section 561.65, Florida Statutes (1981), and its 1979 predecessor, and therefore must be reversed.
On October 5, 1982, the Division of Alcoholic Beverages revoked alcoholic beverage license number 39-651, which had been issued to Library Lounge, Inc., operator of the Library Lounge. The license holder appealed the Division’s action to this court, and requested an automatic stay of the revocation under section 120.68(3), Florida Statutes (1981). This court denied the stay on November 9, 1982, and subsequently affirmed the revocation of the license in Library Lounge, Inc. v. Division of Alcoholic Beverages and Tobacco, 436 So.2d 99 (Fla. 2d DCA 1983).
Appellees Garcia and O’Steen held a security interest in all of Library Lounge, Inc.’s, assets, including the liquor license. Shortly after the Division revoked the license, appellees foreclosed their security interest. Fearing that the “wet zoning” of the real property upon which the Lounge was located would be lost if the license were allowed to become inoperative for a period of thirty days, Garcia and O’Steen sought appointment of a receiver to, among other duties, operate the bar under its revoked license pending resolution of the foreclosure action. The portion of the trial court’s order authorizing the receiver to operate the revoked license is the subject of this appeal.
Section 561.65, Florida Statutes (1981), authorizes the holder of a security interest in an alcoholic beverage license to enforce his lien should the license be revoked. This statute allows the lienholder to operate under the revoked license only if he is the purchaser at the foreclosure sale and is otherwise lawfully qualified and authorized by the Division to do so. Section 561.65(2), id. Section 561.65(2), Florida Statutes (1979), provides the same result.[1]
When faced with facts similar to those raised in the instant appeal, the first district rejected the lienholder’s contention that it had an independent equitable right to operate under the revoked license and specifically held that the lienholder had no such right “prior to its purchase of the license” and before obtaining “authorization from the Division.” Progressive Investors *169 Association v. Shingles, 405 So.2d 276, 278 (Fla. 1st DCA 1981). We agree with the first district’s reasoning and adopt its conclusion.
By permitting a receiver to operate under a revoked license pending the outcome of the foreclosure action, the trial court improperly substituted its discretion for that of the Division of Alcoholic Beverages, in violation of section 120.68(12), Florida Statutes (1981). See Florida Real Estate Commission v. Webb, 367 So.2d 201 (Fla.1978). In addition, the court’s action, in effect, operated to stay the revocation of the license. Under section 120.68(2) and (3), Florida Statutes (1981), the trial court had no jurisdiction to enter such a stay.
WE AFFIRM the order appointing a receiver generally, but REVERSE that portion of the order allowing the receiver to operate the bar under the revoked liquor license prior to the foreclosure sale.
OTT, C.J., and SCHEB, J., concur.

. Appellees’ argument that section 561.65(2), Florida Statutes (1981), is inapplicable to this case by virtue of the last sentence in subsection one is unpersuasive in light of the fact that an identical result would be reached under the statute's 1979 predecessor.